1

**KHASHAN LAW FIRM, APC**
Lewis Khashan, Esq. (CA SBN: 275906)
26636 Margarita Road, Suite 101
Murrieta, CA 92563
Telephone: (951) 461-2387
Facsimile: (909) 658-8981
Email:   lewis@khashanlaw.com

Attorney for Plaintiff Dezarae Munoz

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DEZARAE MUNOZ, individually and as successor-in-interest to Estate of ULYSSES MUNOZ AYALA (Decedent), | **PLAINTIFF'S COMPLAINT FOR DAMAGES AND VIOLATIONS OF CIVIL RIGHTS PURUSNT TO 42 U.S.C. §1983, CALIFORNIA CIVIL CODE §52.1, AND WRONGFUL DEATH** |
| Plaintiff, | |
| vs. | **DEMAND FOR JURY TRIAL** |
| SHERIFF CHAD BIANCO, an Individual: Sergeant TODD JOHNSON, an Individual; Correctional Deputy ABDUL FAR, an Individual; Correctional Deputy MORGAN MCCANDLESS, an Individual; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY, an Individual; Correctional Deputy KEVIN JONES, an Individual; Correctional Deputy PHILLIP | |

-1-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

DIEFENDERFER, an Individual; Correctional Deputy THOMAS KOLB, an Individual; Correctional Deputy MIGUE TRIANA, an Individual; Corporal KAI GALLARDO, an Individual; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and DOES 1-25, Inclusive,

Defendants.

## INTRODUCTION

1.   This action involves the death of Ulysses Munoz Ayala (hereinafter "Mr. Munoz" or "Decedent") which is filed by Mr. Munoz's surviving daughter Dezarae Munoz (hereinafter "Plaintiff"). Mr. Munoz died while in care, custody, and control of the Riverside County Sheriff Department as an inmate at the Cois Byrd Detention Center in Murrieta, California, County of Riverside. Mr. Munoz's death was ruled as a homicide as he was viciously attacked by another inmate (hereinafter "Inmate") and killed. On or about September 29, 2022, at or near 4:21 p.m., Riverside County Sheriff's Deputies assigned to the Cois Byrd Detention Center were notified that Mr. Munoz was unresponsive inside this detention center. The jail medical staff responded to the scene and performed life-saving measures on Mr. Munoz while they were waiting for the paramedics to arrive; however, they were not successful in their resuscitation efforts and Mr. Munoz was pronounced deceased.

## JURISDICTION AND VENUE

2.   This Court has jurisdiction over Plaintiff' federal claim under 28, U.S.C.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

1   §§1331, 1343, as it arises under 42 U.S.C. §1983. Under 28 U.S.C. §1367, this Court has

2   supplemental jurisdiction over Plaintiff's fifth and sixth claims, which are based on the state law.

3       3. This court has personal jurisdiction over all Defendants as Plaintiff is informed and

4   believes and thereon alleges that each defendant is a resident of the State of California.

5       4.  Venue in the United States Central District Court for the Western Division is proper

6   pursuant to 28 U.S.C. §1391(b) because the events giving rise to Plaintiff's claim occurred in this

7   district and in the Riverside County which is within this judicial district.

8       5.  Plaintiff commences this action timely and in accordance with the applicable statutes

9   of limitations and the amount of controversy herein, excluding interest and costs, exceeds the

10   minimum jurisdictional limit of this Court.

## PARTIES

**PLAINTIFF:**

    6.   Plaintiff is the surviving child/daughter of Decedent, and has a special interest in this matter that is concrete and therefore has standing to bring this claim as Civil Rights Violation under §1983 and for wrongful death survivorship action under the common law of the State of California. Plaintiff was a resident of the State of California, Riverside County at the time of the incident. Under CCP §377.30, a cause of action that survives the death of the person entitled to commence an action or proceeding passes to the Decedent's Successor-in-Interest.  Pursuant to CCP §377.34(b), effective January 1, 2022, in an action by a Decedent's Successor-in-Interest on the Decedent's cause of action, the damages recoverable may include damages for pre-death pain, suffering, and disfigurement since this action is being filed after January 1, 2022, and before January 1, 2026.

-3-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

1

2      **DEFENDANTS:**

3          7. Plaintiff is informed and believes and thereon alleges that Defendant CHAD BIANCO

4      ("Defendant Bianco") is a citizen of California, and is and was elected Sheriff, Coroner and

5      Public Administrator of Riverside County Sheriff Department and serves as the Chief Law

6      Enforcement Officer of Riverside County.

7          8.  Plaintiff is informed and believes and thereon alleges that Defendant TODD

8      JOHNSON ("Defendant Johnson") is a citizen of California, and is a sergeant employed by or an

9      agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at

10     30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention

11     center who responded to the scene and acted under the color of law within the scope of his

12     agency with the Riverside County Sheriff's Department.

13         9.  Plaintiff is informed and believes and thereon alleges that Defendant ABUL FAR

14     ("Defendant FAR") is a citizen of California, and is a correctional deputy employed by or an

15     agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at

16     30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention

17     center who responded to the scene and acted under the color of law within the scope of his

18     agency with the Riverside County Sheriff's Department.

19         10.  Plaintiff is informed and believes and thereon alleges that Defendant MORGAN

20     MCCANDLESS ("Defendant McCandless") is a citizen of California, and is a correctional

21     deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd

22     Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers

-4-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

11. Plaintiff is informed and believes and thereon alleges that Defendant BENJAMIN SEAGRAVES- GLADNEY ("Defendant Gladney") is a citizen of California, and is a correctional corporal employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

12. Plaintiff is informed and believes and thereon alleges that Defendant KEVIN JONES ("Defendant Jones") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

13. Plaintiff is informed and believes and thereon alleges that Defendant PHILLIP DIEFENDERFER ("Defendant Diefenderfer") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

14. Plaintiff is informed and believes and thereon alleges that Defendant THOMAS KOLB ("Defendant Kolb") is a citizen of California, and is a correctional deputy employed by or

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

15. Plaintiff is informed and believes and thereon alleges that Defendant MIGUEL TRIANA, ("Defendant Triana") is a citizen of California, and is a correctional deputy employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

16. Plaintiff is informed and believes and thereon alleges that Defendant KAI GALLARDO ("Defendant Gallardo") is a citizen of California, and is a corporal employed by or an agent of the Riverside County Sheriff Department and Cois M. Byrd Detention Center, located at 30755-B Auld Rd., Murrieta, CA, 92563. He was one of the officers at the aforesaid detention center who responded to the scene and acted under the color of law within the scope of his agency with the Riverside County Sheriff's Department.

17. Plaintiff is informed and believes and thereon alleges that Defendant RIVERSIDE COUNTY SHERIFF'S DEPARTMENT ("Sheriff's Dept."); is, and was at all times herein alleged the Law Enforcement Agency in Riverside County, in the State of California

18. Plaintiff is informed and believes and thereon alleges that Defendant COIS BYRD DETENTION CENTER ("Detention Center"), located at 30755-B Auld Road, Murrieta, CA

-6-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

92563, is and was at all times herein alleged a correctional facility within the Riverside County in the State if California.

**OTHER DEFENDANTS:**

19. The true names and capacities, whether individual, plural, corporate, partnership, associate, or otherwise, of Does 1-25, inclusive, are unknown to Plaintiff who therefore sued said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff.  Plaintiff is informed and believes and thereon alleges, that each of the Defendant designated herein as a Doe was, and is negligent, or in some other actionable manner, responsible for the events and happenings hereinafter referred to, and thereby negligently, or in some other actionable manner, legally and proximately caused the hereinafter described injuries and damages to Plaintiff. Plaintiff will hereafter seek leave of the Court to amend this Complaint to show the Defendants' true names and capacities after the same have been ascertained.

**AGENCY & CONCERT OF ACTION:**

20. At all times herein mentioned, Defendants, and each of them, hereinabove, were the agents, servants, employees, partners, aiders and abettors, and/or joint venturers of each of the other Defendants named herein and were at all times operating and acting within the scope and purpose of said agency, service, employment, partnership, enterprise, and/or joint venture, and each Defendant has ratified and approved the acts of each of the remaining Defendants.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**GENERAL ALLEGATIONS**

21. Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was an agent and/or employee and/or co-conspirator or each remaining Defendants, and in engaging in acts and/or omissions hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy, and with the permission and consent of other Co-Defendants.

22. The acts and omissions of all Defendants were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff.

**STATEMENT OF FACTS**

23. Decedent was a 39-year-old father and son who was in care, custody, and control of the Riverside County Sheriff's Department at the Cois Byrd Detention Center located in Murrieta, California when he was brutally and viciously attacked and killed by an Inmate.

24. Plaintiff is informed and believes and thereon alleges that on or about September 29, 2022, Riverside County Sheriff's Deputies at the aforesaid detention center found Decedent unresponsive.

25. Plaintiff is informed and believes and thereon alleges that the medical staff at this detention center assessed Decedent and performed life-savings actions moments after the incident and while they were waiting for the paramedics to arrive, but to no avail.

26. Plaintiff is informed and believes and thereon alleges that Deceased died after a fatal Physical altercation with an Inmate inside this detention center.

27. Plaintiff is informed and believes and thereon alleges that Decedent had sustained

massive injuries to his body as a result of the altercation which resulted in his demise.

28. Plaintiff is informed and believes and thereon alleges that Department and the officers at the Cois Byrd Detention Center in Murrieta knew or should have known that the inmates' lives were in danger inside this detention center due to insufficient security and supervision.

29. Plaintiff is informed and believes and thereon alleges that Defendants were required to supervise the inmates at all times to ensure their safety and to stop such a physical altercation in a timely manner and from turning deadly.

30. Plaintiff is informed and believes and thereon alleges that the Riverside County Sheriff's Department failed to follow protocol and safety procedures to prevent the deadly physical altercation between Decedent and the other Inmate which ended in Decedent's death inside this detention center.

31. Plaintiff is informed and believes and thereon alleges that that many inmates, including Decedent lost their lives in the year 2022 inside the Cois Byrd Detention Center due to jail employees' and other officials' negligent supervision and care.

32. Plaintiff is informed and believes and thereon alleges that Defendants failed to protect Decedent from attack by Inmate as they did not follow the policy and procedures they have in place regarding safety and wellbeing of the inmates at the detention center.

33. Plaintiff is informed and believes and thereon alleges that Defendants failed to follow policies and practices pertaining to housing, custody, care, emergency medical treatment, safekeeping and protection of inmates at the Cois Byrd Detention Center.

34. Plaintiff is informed and believes and thereon alleges that Defendants and the staff at

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

the Cois Byrd Detention Center were reluctant about keeping the alert buttons inside this detention center for use in emergency situation in working conditions.

35. Plaintiff is informed, believes and thereon alleges that Defendants failed to conduct a regular welfare and/or safety check on inmates as required to help Decedent seek medical treatment promptly after the attack to save his life.

36. Plaintiff is informed, believes and thereon alleges that Defendants knew or should have known that individuals who are incarcerated, including Decedent are vulnerable to fatal, and violent attacks by and through other inmates, and thus, were required to strengthen the security measures to prevent such attacks and/or physical altercations.

37. Plaintiff is informed, believes and thereon alleges that Defendants failed to utilize intense surveillance and other control measures to ensure safety of the inmates inside the Cois Byrd Detention Center.

## **DAMAGES**

38. As a direct result of Defendants', and DOES's 1-25 acts/omissions as herein before described, Plaintiff suffered the loss of her loving father and the right to receive continued support, love and affection from Decedent. It is evident that Plaintiff has suffered emotional distress, embarrassment, disfigurement, mental and physical pain, pain and suffering, humiliation, and other damages which she will continue to suffer in the future.

39. Plaintiff claims damages for Decedent pre-death pain and suffering because Decedent suffered an immense amount of discomfort hours before he passed away as a direct and proximate cause of Defendants' negligent acts and/or omissions. Further, Plaintiff sustained damages resulting from the loss of aid, affection, comfort, society, and companionship, as well

---

as other benefits and assistance from Decedent as a result of Defendants' deliberate indifference to life, safety, and medical needs.

41. As a direct result of Defendants' conduct herein before described, Plaintiff suffered violation of her rights under the Fourteenth Amendment to the United States Constitution as made actionable against Defendants pursuant to 42 U.S.C. §1983, under California Constitution Article §§1 and 7 and under the state tort law, by Defendants' deliberate indifference towards Decedent's safety while being incarcerated; deliberate indifference to assist Decedent to receive the necessary medical treatments for the injuries as he was entitled to; and deliberate indifference to Decedent's safety and life.

42. Therefore, Plaintiff is entitled to an award of all attorney's costs, fees and litigation costs incurred in pursuing this action for violation of his Civil Rights and CA state law tort of negligence, wrongful death, and intentional infliction of emotional distress.

## CLAIMS FOR RELIEF

**First Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. §1983- Fourteenth Amendment and Eight Amendment**
**Deliberate Indifference to Serious Medical Need**
**Against all DEFENDANTS**

43. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

44. Plaintiff is informed, believes and thereon alleges that on or about September 29, 2022, the deputies at the Cois Byrd Detention Center were notified that Decedent was unresponsive.

-11-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

45. Plaintiff is informed, believes and thereon alleges that while Decedent was inside Cois Byrd Detention Center, he was exposed to violence and physical harm by other inmates.

46. Plaintiff is informed, believes and thereon alleges that the Riverside County Sheriff's Department and the officers at the Cois Byrd Detention Center in Murrieta knew or should have known that the inmates, were engaging in physical altercations and violence against one another.

47. Plaintiff is informed, believes and thereon alleges that the Riverside County Sheriff's Department was aware of the other inmate's and of Decedent's past and their propensity to resort to violence while inside the detention center.

48. Plaintiff is informed, believes and thereon alleges that Defendants failed to prevent Decedent from getting violently attacked by Inmate causing his death by allegedly housing him incorrectly with him.

49. Plaintiff is informed, believes and thereon alleges that Defendants were obligated and/or required by law to take proper measures to prevent the inmates at the Cois Byrd Detention Center from engaging in physical altercations, and violence.

50. Plaintiff is informed, believes and thereon alleges that Defendants failed to utilize intense surveillance and other control measures to prevent fights, violence and/ or physical altercations between inmates.

51. Plaintiff is informed, believes and thereon alleges that Defendants failed to protect Decedent's life and ensure his safety while he was in Cois Byrd Detention Center.

52. Plaintiff is informed, believes and thereon alleges that Defendants

-12-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

failed to conduct a regular welfare and safety check on inmates as required to help Decedent seek medical treatment promptly to save his life.

53. Decedent had a constitutional right under the Fourteenth Amendment to receive prompt medical and/or health care for his injuries sustained as a result of the aforementioned attack; however, Defendants and DOES 1-25 violated Decedent constitutional right to medical and/or health care when they acted with deliberate indifference to Decedent serious medical needs by not properly following the policies and procedures promulgated by the Riverside County.

54. At all times, Defendants and Does 1-25 were acting under the color of law and were acting in the course and scope of their employment with Riverside County Sheriff Department and Cois Byrd Detention Center in Murrieta California.

55. At all times, Defendants and Does 1-25, knew or should have known that Decedent was vulnerable and could easily become a subject of violence while incarcerated.

56. Plaintiff is informed, believes and thereon alleges that Decedent's conduct outside the detention center and his presence inside the detention center placed him at an increased risk of violence and harm at the aforesaid detention center; however, Defendants knowingly and/or recklessly disregarded those risks, including Decedent's safety and protection.

57. As a direct and proximate result of Defendants' and Does' 1-25 acts and omissions that were deliberately indifferent Decedent safety and wellbeing, Decedent lost his life due to a fatal and violent attack while in custody and care of Defendants.

58. Defendants and Does 1-25 acted with deliberate or reckless disregard to Decedent's constitutionally protected rights, justifying an award of punitive or exemplary damages against

-13-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

Defendants and Does 1-25 in an amount subject to proof at the time of trial in order to deter Defendants and Does 1-25 from deliberately disregarding the inmates' needs for constitutionally protected rights to receive medical and health treatments and to make an example by way of monetary punishment. Further Plaintiff as a successor-in-interest to Decedent are also entitled to attorneys fees and costs associated with this complaint.

**Second Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. §1983- Fourteenth Amendment**
**Right to Familial Association**
**Against all DEFENDANTS**

59. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. Plaintiff is informed, believes and thereon alleges that Defendants and Does 1-25 were aware that Decedent was a loving and caring father, and a beloved son who was in their care, custody and control at the Cois Byrd Detention Center in Murrieta California.

61. Plaintiff is informed, believes and thereon alleges that Defendants knew or should have known that inmates, including Decedent who have a history of violence such as assault and use of weapons are prone to such behavior inside the detention center which would require Defendants to tighten the security measures at the aforesaid detention center to prevent these inmates from getting involved in any kind of violence against each other, and thereby causing harm and/or injury to each other.

62. Plaintiff is informed, believes and thereon alleges that Defendants knew or should have known that keeping dangerous and violent inmates together required adequate and continuous supervision which Defendants knowingly and/or recklessly disregarded here.

63. Defendants' and Does 1-25 failure to take intense and proper measures to prevent

-14-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

Decedent from being brutally attacked and fatally injured by Inmate, Defendants' and Does' 1-25 failure to at least conduct a welfare and/or safety check on the Decedent while he was inside this detention center to ensure he or his life was not in danger, amounts to a deliberate indifference to Decedent's safety, wellbeing and thereby to Plaintiff' constitutional right to companionship and society.

64. Plaintiff is informed, believes and thereon alleges that Defendants' and Does' 1-25 hereinabove mentioned deliberate indifference has deprived Plaintiff of her liberty interest in the companionship and society of Decedent as Defendants' and Does' 1-25 conduct shocks the conscience, justifying a ward of punitive or exemplary damages against Defendants and Does 1-25.

**Third Claim For Relief**
**Violation of Civil Rights- 42 U.S.C. § 1983; Art. 1, §§1 and 7, California Constitution**
**Right to Safety and Life**
**Against all DEFENDANTS**

65. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

66. Plaintiff is informed, believes and thereon alleges that Defendants and Does 1-25 violated Decedent's rights to life and safety protected under California Constitution Article 1 §1 and §7 by failing to take proper measure to ensure Decedent's safety and wellbeing that he was free from a potential life-threatening harm while in care, custody, or control of the Riverside County Sheriff's Department.

67. Defendants' and Does' 1-25 wrongful acts and/or omission were intentional in failing to protect and preserve Decedent's and similarly situated inmates' lives, and each of them were

-15-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

deliberately indifferent to the likely consequences of Decedent's and other inmates' violence and physical abuse towards each other inside the Cois Byrd Detention Center.

68. As a direct and proximate consequence of Defendants' unlawful conduct, Decedent lost his life; and Plaintiff lost her loving father.

69. Defendants' and Does' 1-25 failure to act and/or conduct alleged herein amounts to oppression, fraud or malice within the meaning of Civil Code §3294 and was performed knowingly, intentionally and maliciously, amounting to despicable conduct by reason of which Plaintiff are entitled to an award of exemplary damages against these Defendants in an amount subject to proof at the time of trial in order to deter these Defendants from engaging in similar conducts and to make an example by the way of monetary punishment. Plaintiff is entitled to attorney's fees and costs of the suit herein pursuant to statute.

## Fourth Claim For Relief
### Failure to Properly Train and Supervise & Monell Liability for Unconstitutional Policy, Practice & Custom- 42 U.S.C. § 1983
### Against RIVERSIDE COUNTY SHERIFF'S DEAPRTMENT, RIVERSIDE COUNTY, AND DOES 1-25.

70.    Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

71.  Plaintiff is informed, believes and thereon alleges that the Riverside County's Sheriff's Department and the officers at the Cois Byrd Detention Center are required to utilize intense surveillance and control of the inmates, their conduct and to ensure safety of all inmates and employees.

-16-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

72. Plaintiff is informed, believes and thereon alleges that the California Code of Regulations, Title 15, section 1027.5 requires hourly safety checks of inmates. Further, it requires all inmates in the custody of the Sheriff's Department at the detention center to be visually checked at least once each hour or more frequently to ensure their safety and welfare.

73. Plaintiff are informed and believe and thereon allege that Defendants and Does 1-25 were aware of Decedent's and other inmate's need to be visually checked more frequently considering their past and the reason for their incarceration. However, Defendants and Does 1-25, and each of them knowingly, recklessly and deliberately disregarded Decedent's need for such observation which caused Decedent to become a subject to a vicious physical attack by Inmate while in care, custody, and control of Defendants.

74. Further, the detention officers are required to not only rely on video surveillance of the inmates inside the detention center or jail, but also conduct "eyes-on" safety checks on the inmates. Moreover, detention center and prison supervisors shall, at various times observe the staff as the safety checks are being performed and verify the safety check logs for accuracy. The sole purpose behind this requirement is to ensure safety and preserve lives inside the detention center.

75. Plaintiff is informed, believes and thereon alleges that at many inmates at the Cois Byrd Detention Center lost their lives as a result of vicious attacks and assault committed on then by their fellow inmates which indicates that the above stated rules pertaining to safety checks are not being followed by prison and detention center staff.

76. Defendants Sheriff's Dept.'s and Detention Center's lack of a proper hiring, training, and retention, of the detention center officers who are to conduct routine welfare and/or safety

-17-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

checks on inmates in general and on inmates with history of violence such as assault and battery in particular is one of the biggest reasons for inmate deaths inside prisons and detention centers. Plaintiff further alleges that due to Defendant's failure to perform frequent safety checks and strengthening of the safety measures at the Cois Byrd Detention Center, Inmate was able to viciously assault Decedent causing him sustain fatal injuries which resulted in his death, and such omission or failure was a direct and proximate cause of Plaintiff's loss of her beloved father. Thus, Defendants' lack of proper training, hiring, retention and supervision of detention officers in general and of those tasked with safety checks in particular clearly amounts to deliberate indifference to Decease's well-being and safety.

77. Sheriff's Dept.'s and Detention Center's failure to maintain adequate and proper training for its law enforcement officers, including deputy sheriffs and detention center officers to educate them as to the constitutional rights of the inmates to ensure their safety and well-being amounts to deliberate indifference.

78. Sheriff's Dept. and Detention Center were aware, or should have been aware, of the propensities of its officers in general and the officers inside the Detention Center in particular to abuse their discretion and show reluctance towards physical altercations that ensue between inmates and toward ensuring their safety and wellbeing; however, Sheriff's Dept. and Detention Center failed to adequately train and supervise its officers from violating the afore-mentioned individuals' rights.

79. Defendants' and Does' 1-25 deliberate indifference to Plaintiff' constitutional rights, their failure to provide adequate training and supervision to the Detention Center officers and to the Sheriff Deputies that hold the power, authority, insignia, equipment, and resources available

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

to them to protect inmates in situation such as the one in question, amounts to deliberate indifference to citizen's constitutional rights.

80. Further, Defendants' inadequate policy and procedures and failure to equip its officers, including officers at the Cois Byrd Detention Center in Murrieta, California with proper training related to handling and supervising of the violent and dangerous inmates was the direct and proximate cause of the death of Decedent.

**Fifth Claim For Relief**
**Wrongful Death and Survival Action Under State Tort Law**
**Against all DEFENDANTS**

81.  Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein

82.  Plaintiff is informed, believes and thereon alleges that Defendants, and Does 1-25, and each of them, owed a duty of care to Decedent whom they had in their care, custody and control at the Cois Byrd Detention Center in Murrieta, California to act with ordinary care and prudence to ensure his safety and wellbeing while inside Detention Center.  In particular, Defendants and Does 1-25, and each of them owed a duty of reasonable care to periodically check on Decedent to make sure he was not being subjected to violence and life-threatening act by other inmates, and Decedent did not pose a threat of harm to others to avoid a fatality that could easily occur if a physical altercation ensued between the inmates.

83. Further, Plaintiff alleges that Defendants and Does 1-25 had a duty pursuant to California Code of Regulations, Title 15, section 1027.5 to keep inmates safe by performing proper inmate safety checks in order to protect their lives from any impending danger or harm.

-19-
**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

84. At all times mentioned herein, Defendants and Does 1-25, and each of them were acting in the course and within the scope of their employment with the Riverside County. Defendants and Does 1-25, and each of them breached their duty of care to Decedent and Plaintiff by:

(a) failing to conduct a safety check on Decedent and other inmates;

(b) failing to preserve safety of Decedent;

(c) failing to evaluate available information to determine Decedent's and other inmates' propensity to engage in violent acts while inside detention center; and

(d) failing to evaluate safety conditions.

85. By engaging in the foregoing acts and/or omissions, Defendants, and each of them, breached their duty of care owed to Decedent and Plaintiff. Further, Riverside County is responsible for the acts of its individual agents and employees under the theory of *respondeat superior*.

86. As a direct and proximate result of Defendants' negligent conduct alleged herein, Plaintiff lost her beloved father. Furthermore, Plaintiff sustained damages resulting from the loss of aid, affection, comfort, society, and companionship, as well as other benefits and assistance from Decedent as a result of Defendants' and Does' 1-25 negligence.

87. Further, the conduct and/or omission of Defendants and Does 1-25 amounts to oppression, fraud, or malice within the meaning of Civil Code Section 3294 et seq., and punitive damages should be assessed against each Defendant for the purposes of punishment and for the sake of example.

**Sixth Claim For Relief**
**Intentional Infliction of Emotional Distress Under State Tort Law**

-20-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

**Against all DEFENDANTS**

88. Plaintiff re-alleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

89. As set forth above, the actions and/or omissions of Defendants and Does 1-25, and each of them were extreme and outrageous and demonstrated Defendants' complete disregard for Decedent health, safety, and well-being inside the Cois Byrd Detention Center.

90. Defendants actions were the direct and proximate cause of the Decedent's deaths and injuries inflicted upon Plaintiff as a result of the loss of their loved one.

91. Defendants' and Does' 1-25 failure to conduct a welfare and security on Decedent while he was detained at the Cois Byrd Detention Center to make sure he was not being targeted by other inamtes and he is not facing violence and risk of physical harm; their failure to protected Decedent from being violently, and fatally attacked by another name and their failure to stop the assault committed on Decedent in a timely manner to save his life and thereby causing severe emotional distress to Plaintiff  and/or acted in conscious disregard of the probability that PLAINTIFF would suffer severe emotional distress. Defendants' conduct was so extreme as to go beyond the bounds of decency and be regarded as intolerable in a civilized society.

92. As a direct and legal result of the wrongful conduct and/or omissions of Defendants and Does 1-25, and each of them, Plaintiff suffered, and continue to suffer, the injuries and damages hereinabove set forth.

93. In doing the wrongful and intentional act as herein alleged, Defendants

-21-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

acted willfully, recklessly, and with oppression, fraud, malice and with a conscious disregard for the Decedent's life and for Plaintiff's right to Decedent's companionship. Such action was done with malice, oppression, and/or fraud and was and is despicable, shocking, and offensive and entitles Plaintiff to an award of punitive damages against Defendants in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF pray judgment against DEFENDANTS as follows:

    a.  General damages, including emotional distress, according to proof at the time of trial;

    b.  Special damages according to proof at the time of trial;

    c.  Prejudgment interest;

    d.  Punitive Damages, at the time of trial;

    e.  Costs of suit incurred herein; and

    f.  Attorneys' fees;

    g.  Exemplary damages.

## **DEMAND FOR JURY TRIAL**

Plaintiff respectfully demands that the present matter be set for a jury trial.

//

*Respectfully Submitted by:*

                        **THE KHASHAN LAW FIRM, APC**
                          A Professional Law Corporation

Dated: October 01, 2023        By:_____
                             Lewis G. Khashan, Esq.
                             Attorney for Dezarae Munoz

-22-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**