1  Eugene P. Ramirez (State Bar No. 134865)
   *eugene.ramirez@manningkass.com*
2  Eugene P. Hanrahan (State Bar No. 185826)
   *eugene.hanrahan@manningkass.com*
3  Jessica L. Becerra (State Bar No. 325884)
   *jessica.becerra@manningkass.com*
4  **MANNING & KASS**
5  **ELLROD, RAMIREZ, TRESTER LLP**
   801 S. Figueroa St, 15th Floor
6  Los Angeles, California 90017-3012
   Telephone: (213) 624-6900
7  Facsimile: (213) 624-6999

8  Attorneys for Defendants SHERIFF CHAD
9  BIANCO; Sergeant TODD JOHNSON;
   Correctional Deputy ABDUAL FAR;
10 MORGAN MCCANDLESS; Correctional
11 Corporal BENJAMIN SEAGRAVES-
   GLADNEY; Deputy KEVIN JONES;
12 Correctional Deputy PHILLIP
13 DIEFENDERFER; Correctional Deputy
   THOMAS KOLB; Correctional Deputy
14 MIGUE TRIANA; Corporal KAI
15 GALLARDO; RIVERSIDE COUNTY
   SHERIFF'S DEPARTMENT; COIS BRYD
16 DETENTION CENTER

17            **UNITED STATES DISTRICT COURT**

18     **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**
19

20 | DEZARAE MUNOZ, individually and | Case No.: 5:23-cv-02063-JGB-DTB |
   | as successor-in-interest to Estate of | Honorable Jesus G. Bernal |
21 | ULYSSES MUNOZ AYALA, | |
22 |             Plaintiffs, | **NOTICE OF MOTION AND** |
   | | **MOTION BY DEFENDANTS TO** |
23 |         v. | **DISMISS PORTIONS OF** |
   | | **PLAINTIFF'S COMPLAINT;** |
24 | SHERIFF CHAD BIANCO, an | **MEMORANDUM OF POINTS AND** |
   | Individual; Sergeant TODD JOHNSON, | **AUTHORITIES; EUGENE P.** |
25 | an individual, Correctional Deputy | **HANRAHAN DECLARATION** |
   | ABDUAL FAR, an individual, | |
26 | MORGAN MCCANDLESS, an | [*Filed concurrently with Proposed* |
   | Individual, Correctional Corporal | *Order*] |
27 | BENJAMIN SEAGRAVES- | Hearing Date:  September 16, 2024 |
   | GLADNEY, an Individual, Correctional | Time:              9:00 a.m. |
28 | Deputy KEVIN JONES, an Individual; | Courtroom:     1 |
   | Correctional Deputy PHILLIP | |

                                    1
**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT**

MANNING | KASS

DIEFENDERFER, an Individual, Correctional Deputy THOMAS KOLB, an Individual, Correctional Deputy MIGUE TRIANA, an Individual, Corporal KAI GALLARDO, an individual; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and DOES 1-25, Inclusive.

Defendants.

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 9:00 a.m., on Monday, September 16, 2024, in Courtroom 1, located at the United States District Court, Central District of California, George E. Brown, Jr. Federal Building and United States Courthouse, at 470 12th St., Riverside, CA 92501; pursuant to Federal Rules of Civil Procedure 7, 11, and 12, and United States District Court, Central District of California Local Rule 7, as well as the applicable Orders of the Court; Defendants SHERIFF CHAD BIANCO; Sergeant TODD JOHNSON; Correctional Deputy ABDUAL FAR; MORGAN MCCANDLESS; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY; Deputy KEVIN JONES; Correctional Deputy PHILLIP DIEFENDERFER; Correctional Deputy THOMAS KOLB; Correctional Deputy MIGUE TRIANA; Corporal KAI GALLARDO; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; and COIS BRYD DETENTION CENTER (collectively "Defendants"), will move this Court for an order dismissing, without leave to amend portions Plaintiff's Complaint, filed on October 10, 2023 [Doc. 1].

Defendants' Motion is made on the following grounds:

1.    Plaintiff's claims against defendant COIS BRYD Detention Center should be dismissed because it is not a "person" under 42 U.S.C. §1983 and therefore not a proper party; and

2.    Riverside County Sheriff's Department is not a proper defendant to Plaintiff's First, Second, and Third causes of action brought under 42 U.S.C. §1983

2

1 and should be dismissed; and

2   3.    Sheriff Chad Bianco is not a proper defendant to Plaintiffs' First, Second

3 and Third causes of action brought under 42 U.S.C. § 1983 and should be dismissed;

4 and

5   4.    Plaintiff's Third cause of action for right to safety and life under 42

6 U.S.C. § 1983 and the California Constitution Article 1, §§ 1 and 7, fails to state a

7 claim upon which relief can be granted; and

8   5.    Plaintiff's Fourth cause of action for Failure to Properly Train and

9 Supervise & *Monell* Liability for Unconstitutional Policy, Practice & Custom brought

10 under 42 U.S.C. §1983 names the County of Riverside as a defendant but the County

11 of Riverside is not a named defendant in Plaintiff's Complaint, therefore the County

12 of Riverside should be dismissed; and

13   6.    Riverside County Sheriff's Department is not a proper Defendant to

14 Plaintiffs' Fifth and Sixth causes of action for Negligence and Intentional Infliction

15 of Emotional Distress and should be dismissed.

16   In the alternative, Defendants hereby request that the honorable Court Dismiss any

17 or all of the aforementioned claims, without or with prejudice, as may be appropriate,

18 and to the fullest extent available at law.

19   Prior to the filing of the motion, on August 6, 2024, Defendants' counsel sent

20 Plaintiff's counsel, in accordance with Local Rule 7-3, a comprehensive meet and

21 confer letter by email inviting further discussions regarding the issues with Plaintiff's

22 Complaint presented in this motion.  [Hanrahan Decl., ¶ 2, Ex. A.]

23   On August 8, 2024, after not hearing back from Plaintiff's counsel, Defendants'

24 counsel followed up regarding a time to meet and confer, Plaintiff's counsel

25 responded and a time on August 9, 2024, was mutually agreed upon by Plaintiff's

26 counsel and Defendants' counsel to meet and confer.  [Hanrahan Decl., ¶ 3, Ex. B.]

27   On August 9, 2024, Defendants' counsel called Plaintiff's counsel, however

28 Plaintiff's counsel did not answer and did not return Defendants' counsel's call.

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

MANNING | KASS

1  [Hanrahan Decl., ¶ 4.]

2      On August 12, 2024, Defendants' counsel again called Plaintiff's counsel and

3  emailed Plaintiff's counsel in an attempt to conduct a meet and confer regarding

4  Defendants' intent to file a Motion to Dismiss Portions of Plaintiff's Complaint,

5  however again Plaintiff's counsel did not answer and did not return Defendants'

6  counsel's call.  [Hanrahan Decl., ¶ 5, Ex. B.]

7      On August 13, 2024, Defendants' counsel again called Plaintiff's counsel in an

8  attempt to conduct a meet and confer regarding Defendants' intent to file a Motion to

9  Dismiss Portions of Plaintiff's Complaint, however again Plaintiff's counsel did not

10  answer and did not return Defendants' counsel's call.  [Hanrahan Decl., ¶ 6.]

11      As of the date of this Motion, Plaintiff's counsel has not returned Defendants'

12  counsel's calls or emails in order to meet and confer regarding Defendants' intent to

13  file a Motion to Dismiss Portions of Plaintiff's Complaint, thus necessitating this

14  motion. [Hanrahan Decl., ¶ 7.]

15      This Motion is based on this Notice of Motion, the attached Memorandum of

16  Points and Authorities, the Declaration of Eugene P. Hanrahan, all of the pleadings,

17  files, and records in this proceeding, all other matters of which the Court may take

18  judicial notice, and any argument or evidence that may be presented to or considered

19  by the Court prior to its ruling.

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT

1  DATED:  August 15, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**


By: _____/s/ Eugene P. Ramirez_____
Eugene P. Ramirez
Eugene P. Hanrahan
Jessica L. Becerra
Attorneys for Defendants SHERIFF CHAD
BIANCO; Sergeant TODD JOHNSON;
Correctional Deputy ABDUAL FAR;
MORGAN MCCANDLESS; Correctional
Corporal BENJAMIN SEAGRAVES-
GLADNEY; Deputy KEVIN JONES;
Correctional Deputy PHILLIP
DIEFENDERFER; Correctional Deputy
THOMAS KOLB; Correctional Deputy
MIGUE TRIANA; Corporal KAI
GALLARDO; RIVERSIDE COUNTY
SHERIFF'S DEPARTMENT; COIS
BRYD DETENTION CENTER

MANNING | KASS

5

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    INTRODUCTION**

Plaintiff DEZARAE MUNOZ, individually and as successor-in-interest to Estate of ULYSSES MUNOZ AYALA ("Plaintiff") alleges that decedent Ulysses Munoz Ayala's constitutional rights and state laws were violated while incarcerated COIS BRYD Detention Center.

However, portions of Plaintiff's Complaint fail to state a claim upon which relief can be granted. Specifically, Plaintiff's claims against defendant COIS BRYD Detention Center should be dismissed because it is not a "person" under 42 U.S.C. §1983 and therefore not a proper party. Similarly, Riverside County Sheriff's Department and Sheriff Chad Bianco are not a proper defendants to Plaintiff's First, Second, and Third causes of action brought under 42 U.S.C. §1983 and should be dismissed. Plaintiff's Third cause of action for right to safety and life under 42 U.S.C. § 1983 and the California Constitution Article 1, §§ 1 and 7, fails to state a claim upon which relief can be granted. Additionally, Plaintiff's Fourth cause of action for Failure to Properly Train and Supervise & *Monell* Liability for Unconstitutional Policy, Practice & Custom brought under 42 U.S.C. §1983 names the County of Riverside as a defendant but the County of Riverside is not a named defendant in Plaintiff's Complaint, therefore the County of Riverside should be dismissed. Lastly, Riverside County Sheriff's Department is not a proper Defendant to Plaintiffs' Fifth and Sixth causes of action for Negligence and Intentional Infliction of Emotional Distress and should be dismissed.

Accordingly, Defendants request that the above-referenced improperly plead portions of Plaintiff's Complaint be dismissed without leave to amend as the above-referenced portions of Plaintiff's Complaint cannot be cured through amendment.

**II.    STANDARD FOR MOTION TO DISMISS**

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted."

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT

1   Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack

2   of a cognizable legal theory or on the absence of sufficient facts alleged under a

3   cognizable legal theory.  *Johnson v. Riverside Healthcare Sys.,* 534 F.3d 1116, 1121

4   (9th Cir. 2008); *Navarro v. Block,* 250 F.3d 729, 732 (9th Cir. 2001).

5       In reviewing a complaint under Rule 12(b)(6), all allegations of material fact

6   are taken as true and construed in the light most favorable to the non-moving party.

7   *Marceau v. Blackfeet Hous. Auth.,* 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v.*

8   *Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).  But the Court is *not* required "to accept

9   as true allegations that are merely conclusory, unwarranted deductions of fact, or

10  unreasonable inferences."  *In re Gilead Scic. Sec. Litig.*, 536 F.3d 1049, 1056-1057

11  (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

12      As the Supreme Court has explained:

13          While a complaint attacked by a Rule 12(b)(6) motion to
            dismiss does not need detailed factual allegations, a
14          plaintiff's obligation to provide the 'grounds' of his
            'entitlement to relief' requires more than labels and
15          conclusions, and a formulaic recitation of the elements of a
            cause of action will not do.  Factual allegations must be
16          enough to raise a right to relief *above the speculative level*,
            on the assumption that all the allegations in the complaint
17          are true (even if doubtful in fact).

18  *Bell Atlantic Corp. v. Twombly*, 555 U.S. 544, 555 (2007) (emphasis added).

19      Thus, to avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient

20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'

21  [Citation.]"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial

22  plausibility when the plaintiff pleads factual content that allows the court to draw the

23  reasonable inference that the defendant is liable for the misconduct alleged.

24  [Citation.]" *Id.*  "The plausibility standard is not akin to a 'probability requirement,'

25  but it asks for more than a sheer possibility that a defendant has acted unlawfully."

26  *Id.*  "[W]here the well pleaded facts do not permit the court to infer more than the

27  mere possibility of misconduct, the complaint has alleged, but it has not 'show[n],'

28  'that the pleader is entitled to relief.' [Citation.]" *Id.* at 679.

7

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT

If the court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss the complaint with *or* without leave to amend. *See, e.g., Lopez v. Smith*, 203 F.3d 1122, 1126-31 (9th Cir. 2000); *accord Machul v. City of Long Beach*, 2015 U.S. Dist. LEXIS 52472, *6 (C.D. Cal. February 20, 2015). Leave to amend should be granted if it appears plausible that the defects in the complaint could be corrected. Thus, if a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995). But, if after careful review it becomes clear that a complaint cannot be cured by amendment, the court may dismiss the complaint without leave to amend. *See Chaset v. Fleer/Skybox Int'l,* 300 F.3d 1083, 1087-1088 (9th Cir. 2002); *Machul,* 2015 U.S. Dist. LEXIS 52472 at *6. In other words, ***leave to amend need not be granted when amendment would be futile****. Gompper v. VISX, Inc.,* 298 F.3d 893, 898 (9th Cir. 2002) (emphasis added).

## III.   PORTIONS OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A.   COIS BRYD Detention Center is not a proper defendant.

Plaintiff's Complaint names COIS BRYD Detention Center as a defendant, however, COIS BRYD Detention Center should be dismissed because it is not a "person" under 42 U.S.C. §1983 and thus not subject to § 1983 liability.

Section 1983 applies to the actions of "persons" acting under color of state law. A local governmental unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs.,* 436 U.S. 658, 690, (1978). However, the individual departments and bureaus of a Municipality are generally ***not*** considered "persons" within the meaning of 42 U.S.C. § 1983. *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir.1995) [emphasis added]. Other types of governmental associations are ***only*** subject to suit under § 1983 ***if*** the parties that created them intended to create a

8

1  separate legal entity.  *Id*. at 792; *see also Morris v. State Bar of Cal*., 2010 U.S. Dist.

2  LEXIS 133282, at *6 (E.D. Cal. Dec. 1, 2010) (The Fresno County District Attorney's

3  office is a "sub-unit" of the County of Fresno and is not a person under §1983.)

4  [emphasis added].

5      Importantly, it is well settled that detention centers ***are buildings, not persons,***

6  ***and do not act under color of state law***.  Hence, detention centers are not subject to

7  suit under 42 U.S.C. § 1983.  *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir.

8  2001); *see also Nelson v. Lexington Cty. Det. Ctr*., C/A No. 8:10-cv-2988-JMC, 2011

9  WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that a building—the detention

10  center—is not amenable to suit under § 1983).

11      Accordingly, COIS BRYD Detention Center is not "person" under § 1983, thus

12  Plaintiff's Complaint fails to state a claim on which relief may be granted against

13  COIS BRYD Detention Center, and COIS BRYD Detention Center should be

14  dismissed from Plaintiff's Complaint.

15    **B.    Riverside County Sheriff's Department is not a proper defendant to**

16        **Plaintiff's First, Second, and Third causes of action brought under**

17        **42 U.S.C. § 1983.**

18      "Section 1983 imposes two essential proof requirements upon a claimant: (1)

19  that a person acting under color of state law committed the conduct at issue, and (2)

20  that the conduct deprived the claimant of some right, privilege, or immunity protected

21  by the Constitution or laws of the United States." *Leer v. Murphy,* 844 F.2d 628, 632-

22  633 (9th Cir. 1988).  Further, "[s]ection 1983 creates a cause of action based on

23  personal liability and predicated upon fault; thus, liability does not attach unless the

24  individual defendant caused or participated in a constitutional deprivation." *Vance v.*

25  *Peters*, 97 F.3d 987, 991 (7th Cir. 1996), cert. denied, 520 U.S. 1230 (1997) (emphasis

26  added); *see Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("Liability under

27  section 1983 arises only upon a showing of personal participation by the defendant.")

28      Accordingly, "[t]he inquiry into causation must be individualized and focus on

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation."  *Leer*, 844 F.2d at 633. Thus, Section 1983 requires that there be an actual connection or link between the defendant's actions and the deprivation allegedly suffered.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976).

Here, Plaintiff named the Riverside County Sheriff's Department as a defendant to Plaintiff's First, Second, and Third causes of action brought under 42 U.S.C. § 1983.  However, the Riverside County Sheriff's Department cannot be liable to plaintiff because "[a] municipality cannot be held liable under Section 1983 on a respondeat superior theory."  *Monell*, 436 U.S. at 691.  A municipality may be held liable under Section 1983 for constitutional violations that result from enforcement of the municipality's official policies and customs.  *Id*. at 694.  A municipality or local-government entity may be liable under Section 1983 only for injuries arising from official policy or longstanding custom.  *Id*. at 690-91, 694; *see also, Long v. Cnty. of L.A.,* 442 F.3d 1178, 1185 (9th Cir. 2006).

Accordingly, the Riverside County Sheriff's Department is an improper defendant and should be dismissed from Plaintiff's First, Second, and Third causes of action accordingly.

**C.    Sheriff Chad Bianco is not a proper defendant to Plaintiffs' First, Second and Third causes of action brought under 42 U.S.C. § 1983.**

Similar to above, Plaintiff named Sheriff Chad Bianco as a defendant to Plaintiff's First, Second, and Third causes of action brought under 42 U.S.C. § 1983. However, Sheriff Chad Bianco is not a proper defendant and should be dismissed accordingly.

Section 1983 does not allow for the concept of respondeat superior liability, but requires "***personal participation***" in the alleged violation of constitutional rights.  *Bell v. Clackamas Cnty*. 341 F.3d 858, 867 n.3 (9th Cir. 2003) (emphasis added) ("[I]ndividual liability cannot be premised on respondeat superior.") (citing *Jones v.*

10

MANNING | KASS

*Williams*, 297 F.3d 930, 934 (9th Cir. 2002)).    Accordingly, "[t]he inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused the constitutional deprivation." *Leer*, 844 F.2d at 633.

Here, Sheriff Chad Bianco cannot be directly liable to Plaintiff his personal participation, as he was not a participant in any of Plaintiff's allegations, nor can Sheriff Chad Bianco be liable to Plaintiff for his ratification or supervision, as such he is an improper defendant.

Accordingly, Sheriff Chad Bianco is not a proper party to Plaintiff's First, Second, and Third causes of action and should be dismissed accordingly.

**D.    Plaintiff's Third Cause of Action fails to state a claim upon which relief can be granted.**

Plaintiff's third cause of action alleges a claim for right to safety and life under 42 U.S.C. § 1983 and the California Constitution Article 1, §§ 1 and 7.

As an initial matter, Plaintiff's Complaint does not allege any constitutional violation under 42 U.S.C. § 1983, accordingly it is unclear from Plaintiff's Complaint the basis of Defendants' liability for this cause of action.

Additionally, Plaintiff's Complaint alleges that "Defendants and Does 1-25 violated Decedent's rights to life and safety protected under California Constitution Article 1 §1 and §7 by failing to take proper measure to ensure Decedent's safety and wellbeing that he was free from a potential life-threatening harm while in care, custody, or control of the Riverside County Sheriff's Department." [Complaint, ¶ 66.]

Article 1, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  Cal. Const. Art. 1, § 1. Further, Article 1, Section 7 of the California Constitution provides: "A person may not be deprived of life, liberty, or property without due process of law or denied equal

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT

1    protection of the laws." Cal. Const. Art. 1, § 7.

2         However, Plaintiff's claims for violation of the California Constitution, Article

3    1, §§ 1, 7 should be dismissed because these constitutional provisions do not give rise

4    to claims for monetary damages. *Novel v. Los Angeles Cnty. Sheriff's Dep't,* 2019

5    WL 7940676, at *6 (C.D. Cal. July 23, 2019) (holding "a plaintiff may not recover

6    monetary damages for the violation" of California Constitution, Article 1, § 1); *Roy*

7    *v. Cnty. of Los Angeles,* 114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015) (holding

8    California Constitution, Article 1, §§ 7, 13 "do not permit actions for monetary

9    damages").

10        Accordingly, Plaintiff's claim fails as a matter of law and should be dismissed

11   with prejudice and without leave to amend.

12       **E.    The County of Riverside is not a defendant in Plaintiff's Complaint.**

13       Plaintiff's Fourth cause of action for Failure to Properly Train and Supervise &

14   *Monell* Liability for Unconstitutional Policy, Practice & Custom brought under 42

15   U.S.C. § 1983 names the County of Riverside as a defendant. However, the County

16   of Riverside has not been served in this action, nor is the County of Riverside named

17   as a defendant in the parties to this action. Accordingly, the County of Riverside

18   should be dismissed.

19       **F.    Riverside County Sheriff's Department is not a proper defendant to**

20       **Plaintiffs' Fifth and Sixth causes of action.**

21       "In California, all governmental tort liability must be based upon statute."

22   *Harshberger v. City of Colton* 197 Cal. App. 3d 1335, 1339 (1988). "If the Legislature

23   has not created a statutory basis for it, there is no government tort liability. [citation]."

24   *State ex rel. Dept. of California Highway Patrol v. Superior Court,* 60 Cal. 4th 1002,

25   1009 (2015).

26       The general rule established under California Government Code § 815(a),

27   controls here and sets forth that, "[e]xcept as otherwise provided by statute: (a) A

28   public entity is not liable for an injury, whether such injury arises out of an act or

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S
COMPLAINT

1  omission of the public entity or a public employee or any other person." For purposes

2  of the Government Claims Act (Government Code § 810 *et. seq*.), "'Public entity'

3  includes . . . a county, city, district, public authority, public agency, and any other

4  political subdivision or public corporation in the State." Cal. Gov. Code § 811.2.

5       Since the enactment of the California Tort Claims Act in 1963, a governmental

6  entity can be held vicariously liable when an officer/individual public official acting

7  in the course and scope of employment . . . . Cal.Gov. Code § 810. For the doctrine

8  of *respondeat superior* to apply, the plaintiff must prove the employee's tortious

9  conduct was committed within the scope of employment." *Mary M v. City of Los*

10 *Angeles* 54 Cal.3d 202, 209 (1991); *Megargee v. Wittman* 550 F. Supp. 2d 1190,

11 1210-11 (2008).

12      California Government Code § 815.2(a) provides that a governmental entity is

13 derivatively liable for "injury proximately cause by an act of omission of an employee

14 of the public entity within the scope of his employment if the act or omission would,

15 apart from this section, given rise to a cause of action against that employee or his

16 personal representatives." Cal. Gov. Code § 815.2; *Asgari v. City of Los Angeles*, 15

17 Cal. 4th 744, 753 n.6 (1997). Correspondingly, subsection (b) of section 815.2

18 provides that a governmental entity "is not liable for an act or omission of an employee

19 of the public entity where the employee is immune from liability." *Asgari,* 15 Cal.

20 4th at 753 n.5.

21      Here, Plaintiffs' Complaint lacks reference to a statutory basis on which to

22 impose liability on defendant Riverside County Sheriff's Department for Plaintiff's

23 Fifth claim for Negligence and Sixth claim for Intentional Infliction of Emotional

24 Distress. Accordingly, defendant Riverside County Sheriff's Department should be

25 dismissed from Plaintiff's Fifth claim for Negligence and Sixth claim for Intentional

26 Infliction of Emotional Distress for lack of reference to statutory basis to impose

27 liability on the Riverside County Sheriff's Department in the Complaint.

28

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MANNING | KASS

## IV.    CONCLUSION

For all of the foregoing reasons, the honorable Court should GRANT the instant motion and dismiss portions of Plaintiff's Complaint, without leave to amend.

DATED:  August 15, 2024

**MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP**

By:    _____/s/ Eugene P. Ramirez_____
Eugene P. Ramirez
Eugene P. Hanrahan
Jessica L. Becerra
Attorneys for Defendants SHERIFF CHAD BIANCO; Sergeant TODD JOHNSON; Correctional Deputy ABDUAL FAR; MORGAN MCCANDLESS; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY; Deputy KEVIN JONES; Correctional Deputy PHILLIP DIEFENDERFER; Correctional Deputy THOMAS KOLB; Correctional Deputy MIGUE TRIANA; Corporal KAI GALLARDO; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; COIS BRYD DETENTION CENTER

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT

## DECLARATION OF EUGENE P. HANRAHAN

I, Eugene P. Hanrahan, declare as follows:

1.    I am an attorney duly admitted to practice before this Court.  I am an attorney with Manning & Kass, Ellrod, Ramirez, Trester LLP, attorneys of record for Defendants SHERIFF CHAD BIANCO; Sergeant TODD JOHNSON; Correctional Deputy ABDUAL FAR; MORGAN MCCANDLESS; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY; Deputy KEVIN JONES; Correctional Deputy PHILLIP DIEFENDERFER; Correctional Deputy THOMAS KOLB; Correctional Deputy MIGUE TRIANA; Corporal KAI GALLARDO; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; COIS BRYD DETENTION CENTER.  I have personal knowledge of the facts set forth herein, and if called as a witness, I could and would competently testify thereto.  I make this declaration in support of Defendants' Motion to Dismiss Portions of Plaintiff's Complaint.

2.    On August 6, 2024, Defendants' counsel sent Plaintiff's counsel, in accordance with Local Rule 7-3, a comprehensive meet and confer letter by email inviting further discussions regarding the issues with Plaintiff's Complaint presented in this motion.  Attached as **Exhibit A** is a true and correct copy of Defendants' August 6, 2024, meet and confer letter.  The attached letter outlines in detail the deficiencies presented by in Plaintiff's Complaint, Defendants' legal authority in support of its arguments, and an offer to meet and confer.

3.    On August 8, 2024, after not hearing back from Plaintiff's counsel, Defendants' counsel followed up regarding a time to meet and confer regarding Defendants' intent to file a motion to dismiss portions of Plaintiff's Complaint, Plaintiff's counsel responded and a time on August 9, 2024, was mutually agreed upon by Plaintiff's counsel and Defendants' counsel to meet and confer.  Attached as **Exhibit B** is a true and correct copy of email communication between Defendants' counsel and Plaintiff's counsel between August 8, 2024 and August 12, 2024.

NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT

4.    On August 9, 2024, Defendants' counsel called Plaintiff's counsel to meet and confer, however Plaintiff's counsel did not answer and did not return Defendants' counsel's call.

5.    On August 12, 2024, Defendants' counsel again called Plaintiff's counsel and emailed Plaintiff's counsel in an attempt to conduct a meet and confer regarding Defendants' intent to file a Motion to Dismiss Portions of Plaintiff's Complaint, however again Plaintiff's counsel did not answer and did not return Defendants' counsel's call.

6.    On August 13, 2024, Defendants' counsel again called Plaintiff's counsel in an attempt to conduct a meet and confer regarding Defendants' intent to file a Motion to Dismiss Portions of Plaintiff's Complaint, however again Plaintiff's counsel did not answer and did not return Defendants' counsel's call.

7.    As of the date of this Motion, Plaintiff's counsel has not returned Defendants' counsel's calls in order to meet and confer regarding Defendants' intent to file a Motion to Dismiss Portions of Plaintiff's Complaint, thus necessitating this motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 15th day of August, 2024, at Los Angeles, California.


                                        /s/Eugene P. Hanrahan
                                        Eugene P. Hanrahan

**NOTICE OF MOTION AND MOTION BY DEFENDANTS TO DISMISS PORTIONS OF PLAINTIFF'S COMPLAINT**