UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-2063 JGB (DTBx)** | Date | September 12, 2024 |
| Title | *Dezarae Munoz v. Chad Bianco, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order to Show Cause (IN CHAMBERS)

      On October 10, 2023, plaintiff Dezarae Munoz ("Plaintiff" or "Munoz"), individually and as successor in interest to the Estate of Ulysses Munoz Ayala ("Decedent"), filed a complaint against Defendants Chad Bianco, Todd Johnson, Abdul Far, Morgan McCandless, Benjamin Seagraves-Gladney, Kevin Jones, Phillip Diefenderfer, Thomas Kolb, Miguel Triana, Kai Gallardo, Riverside County Sheriff's Department, Cois M. Byrd Detention Center (collectively, "Judicial Defendants"), and Does 1-25 ("Doe Defendants").  ("Complaint," Dkt. No. 1.)  The Complaint alleges six causes of action: (1) deliberate indifference of Decedent's serious medical needs in violation of 42 U.S.C. §1983 ("Section 1983") against all Defendants; (2) deprivation of Plaintiff's right to familial relationship with Decedent under Section 1983 against all Defendants; (3) deprivation of Decedent's right to safety and life under Section 1983 and Article 1, Sections 1 and 7 of the California Constitution against all Defendants; (4) failure to properly train and supervise and a <u>Monell</u> claim for unconstitutional policies, practices, and customs under Section 1983 against Riverside County Sheriff's Department, Riverside County, and Doe Defendants; (5) negligence, specifically wrongful death of Decedent and survival action, under California's tort law against all Defendants; and (6) intentional infliction of emotional distress under California's tort law against all Defendants.  (<u>See</u> Complaint.)

      On August 15, 2024, Judicial Defendants filed a motion to dismiss portions of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  ("Motion" or "MTD," Dkt. No. 45.)  In support of the Motion, Judicial Defendants submitted a declaration of attorney Eugene P. Hanrahan ("Hanrahan Decl.," Dkt. No. 45) and attached exhibits ("Exhibits," Dkt. Nos. 45-1, 45-2).  The Motion is noticed for hearing on September 16, 2024.  On August 30,

2024, Judicial Defendants filed a notice of non-opposition from Plaintiff to the Motion, requesting that the Court grant Judicial Defendants' MTD in its entirety due to Plaintiff's failure to oppose the Motion. ("Notice of Non-Opp.," Dkt. No. 47.)

From August 6 to August 13, 2024, prior to filing the Motion, Judicial Defendants' counsel attempted to meet and confer with Plaintiff's counsel regarding the substance of the Motion as required by Local Rule 7-3 but was unsuccessful. (See MTD at 3-4; Exhibits.) Specifically, after scheduling a time to meet and confer, Plaintiff's counsel did not answer or return Judicial Defendants' counsel's calls and failed to respond to Judicial Defendants' counsel's subsequent email communications. (See id.) As of the date of the Motion's filing, Plaintiff's counsel has not returned Judicial Defendants' counsel's calls or emails to meet and confer regarding the Motion.[1] (See MTD at 4.)

As of the date of this Order to Show Cause ("OSC"), Plaintiff has failed to file opposition papers to the Motion. Pursuant to this Court's Local Rules, a party must file opposition papers, or a notice of non-opposition, no later than twenty-one days before the date designated for the hearing on the Motion. L.R. 7-9. Accordingly, Plaintiff should have filed an opposition, or a notice of non-opposition, by August 26, 2024. See L.R. 7-9.

Pursuant to Local Rule 7-12, "[t]he failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ." L.R. 7-12. Furthermore, Rule 41(b) of the Federal Rules of Civil Procedure authorizes the Court to *sua sponte* dismiss actions for failure to comply with court orders. See Fed. R. Civ. P. 41(b).

//
//
//

---

[1] The Court reprimands Plaintiff's counsel for failing to meet and confer with Judicial Defendants' counsel prior to the filing of the Motion, in violation of Local Rule 7-3. (See MTD at 3-4; Exhibits.) The Court has reviewed the meet-and-confer correspondence filed by Judicial Defendants, as well as the declaration of Judicial Defendants' counsel outlining the steps he took to meet and confer with Plaintiff's counsel regarding the substance of the Motion. (See id.; Hanrahan Decl.) The Court finds that Judicial Defendants have satisfied the requirements of Local Rule 7-3. Moreover, Plaintiff has suffered no prejudice from any inadequacy in the meet-and-confer process, so even if Judicial Defendants had not complied with Local Rule 7-3, the Court plans to proceed to the merits of the Motion once Plaintiff complies with the requirements of this OSC. See De Walshe v. Togo's Eateries, Inc., 567 F. Supp. 2d 1198, 1205 (C.D. Cal. 2008) ("[T]he Court finds that any potential violation of Local Rule 7-3 did not prejudice Plaintiff and the Court exercises its discretion to evaluate Judicial Defendant's motion on its merits."). If the Court declined to rule on the merits of the Motion, Judicial Defendants, not Plaintiff, would suffer prejudice.

      Accordingly, the Court **ORDERS** Plaintiff to file an opposition *or* a notice of non-opposition by Monday, **September 23, 2024**. Failure to comply with this Court's order may result in the granting of Judicial Defendants' Motion, or dismissal of Plaintiff's Complaint.

      The Court **CONTINUES** the hearing on Judicial Defendants' Motion to **October 7, 2024 at 9:00 a.m.**

**IT IS SO ORDERED.**