**KHASHAN LAW FIRM, APC**
Lewis Khashan, Esq. (CA SBN: 275906)
26636 Margarita Road, Suite 101
Murrieta, CA 92563
Telephone: (951) 461-2387
Facsimile: (909) 658-8981
Email:   lewis@khashanlaw.com

Attorney for Plaintiff Dezarae Munoz

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZARAE MUNOZ, individually and as successor-in-interest to Estate of ULYSSES MUNOZ AYALA (Decedent),<br><br>Plaintiff,<br><br>vs.<br><br>SHERIFF CHAD BIANCO, an Individual: Sergeant TODD JOHNSON, an Individual; Correctional Deputy ABDUL FAR, an Individual; Correctional Deputy MORGAN MCCANDLESS, an Individual; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY, an Individual; Correctional Deputy KEVIN JONES, an Individual; Correctional Deputy PHILLIP DIEFENDERFER, an Individual; Correctional Deputy THOMAS KOLB, an Individual; Correctional Deputy MIGUE TRIANA, an Individual; Corporal KAI GALLARDO, an Individual; RIVERSIDE COUNTY SHERIFF'S DEPARTMENT; COUNTY OF RIVERSIDE and DOES 1- 25, Inclusive,<br><br>Defendant(s). | CASE NUMBER: 5:23-cv-02063-JGB-DTB<br><br>NOTICE OF NON-OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT |

-1-
NOTICE OF NON-OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT



**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff DEZARAE MUNOZ, individually and as successor-in-interest to the Estate of ULYSSES MUNOZ AYALA ("Plaintiff"), by and through her counsel, hereby submits this Notice of Non-Opposition to the Motion to Dismiss Portions of Plaintiff's Complaint [Dkt. No. 45] filed by Defendants SHERIFF CHAD BIANCO, RIVERSIDE COUNTY SHERIFF'S DEPARTMENT, COIS BRYD DETENTION CENTER, and individually named defendants, currently set for hearing on October 7, 2024 at 9:00 a.m. before this Court.

### 1. Procedural Background

On October 10, 2023, Plaintiff filed a Complaint alleging violations of constitutional rights under 42 U.S.C. § 1983 and state law claims including Negligence and Intentional Infliction of Emotional Distress. Defendants subsequently filed their Motion to Dismiss Portions of Plaintiff's Complaint on August 15, 2024, contending that several of Plaintiff's claims fail to state a claim upon which relief can be granted, particularly:

- The inclusion of COIS BRYD Detention Center as a defendant under §1983.
- Claims against Riverside County Sheriff's Department and Sheriff Chad Bianco as improper defendants under §1983 for certain causes of action.
- Claims under the California Constitution for which monetary relief is unavailable.
- Misidentification of Riverside County as a defendant in certain claims, where the County was not properly named or served.

Defendants also argue that Plaintiff's Fifth and Sixth causes of action fail to establish a statutory basis for liability against Riverside County Sheriff's Department.

## 2. Plaintiff's Decision Not to Oppose the Motion

After careful review of Defendants' Motion, including the grounds asserted for dismissal and the applicable legal standards, Plaintiff has determined that there is no legal basis upon which to oppose the relief requested by Defendants in this Motion. Plaintiff acknowledges that certain portions of the Complaint, as currently pleaded, may not survive the scrutiny of Rule 12(b)(6) based on established legal precedent, particularly:

- The argument that COIS BRYD Detention Center is not a "person" under 42 U.S.C. §1983 is well-founded under the reasoning of Monell v. Department of Social Services and subsequent case law.
- Similarly, claims against the Riverside County Sheriff's Department and Sheriff Chad Bianco under §1983 based on respondeat superior theories are not actionable in light of Monell.

- Defendants' argument that California Constitutional claims do not permit monetary damages appears consistent with prevailing law, as cited in Roy v. County of Los Angeles and other cases.

Plaintiff does not oppose Defendants' request to dismiss these claims without leave to amend, acknowledging that further amendment would likely be futile in addressing the identified legal deficiencies.

### 3. Reservation of Rights

While Plaintiff does not oppose Defendants' Motion to Dismiss the specific portions of the Complaint identified therein, Plaintiff expressly reserves the right to pursue any remaining claims and causes of action that are not subject to this Motion. Plaintiff further reserves the right to amend the Complaint as necessary with respect to any surviving claims and to engage in discovery in order to pursue those claims on the merits.

Plaintiff also reserves the right to file future motions or respond to any subsequent filings in this case as appropriate.

### 4. Conclusion

For the foregoing reasons, Plaintiff respectfully notifies the Court and all parties that there is no opposition to the Defendants' Motion to Dismiss Portions of Plaintiff's Complaint. Plaintiff requests that the Court proceed with ruling on the Motion in accordance with the schedule and the applicable law.

///

Respectfully Submitted,                          **KHASHAN Law Firm, APC**

September 22, 2024

*Lewis Khashan, Esq.*
Lewis Khashan, Esq.
Attorney for Plaintiff

-4-
**NOTICE OF NON-OPPOSITION TO MOTION TO STRIKE PORTIONS OF PLAINTIFF'S COMPLAINT**