UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 23-2063 JGB (DTBx)** | Date | October 25, 2024 |
| Title | *Dezarae Munoz v. Chad Bianco, et al.* | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Defendants' Motion to Dismiss (Dkt. No. 45); and (2) VACATING the October 28, 2024 Hearing (IN CHAMBERS)

Before the Court are Defendants Chad Bianco, Todd Johnson, Abdul Far, Morgan McCandless, Benjamin Seagraves-Gladney, Kevin Jones, Phillip Diefenderfer, Thomas Kolb, Miguel Triana, Kai Gallardo, Riverside County Sheriff's Department, and Cois M. Byrd Detention Center's (collectively, "Defendants") unopposed motion to dismiss portions of plaintiff Dezarae Munoz's ("Plaintiff" or "Munoz") complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] ("Motion" or "MTD," Dkt. No. 45.) The Court determines this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of the Motion, the Court **GRANTS** the Motion. The Court **VACATES** the October 28, 2024 hearing.

## I. BACKGROUND

On October 10, 2023, Munoz, individually and as successor-in-interest to the Estate of Ulysses Munoz Ayala ("Decedent"), filed a complaint against Defendants and Does 1-25 ("Doe Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges six causes of action: (1) deliberate indifference of Decedent's serious medical needs in violation of the Fourteenth and Eighth Amendment under 42 U.S.C. §1983 ("Section 1983") against all Defendants; (2) deprivation of Plaintiff's right to familial relationship with Decedent under Section 1983 against

---

[1] All subsequent references to "Rule(s)" refer to the Federal Rules of Civil Procedure, unless otherwise specified.

all Defendants; (3) deprivation of Decedent's right to safety and life under Section 1983 and Article 1, Sections 1 and 7 of the California Constitution against all Defendants; (4) failure to properly train and supervise and a <u>Monell</u> claim for unconstitutional policies, practices, and customs against Riverside County Sheriff's Department and Riverside County; (5) negligence – wrongful death of Decedent and survival action under California's tort law against all Defendants; and (6) intentional infliction of emotional distress under California's tort law against all Defendants.  (<u>See</u> Complaint.)

From August 6 to August 13, 2024, prior to filing the Motion, Defendants' counsel attempted to meet and confer with Plaintiff's counsel regarding the substance of the Motion as required by Local Rule 7-3 but was unsuccessful.  (<u>See</u> MTD at 3-4; "Exhibits," Dkt. Nos. 45-1, 45-2.)  Specifically, after scheduling a time to meet and confer, Plaintiff's counsel did not answer or return Defendants' counsel's calls and failed to respond to Defendants' counsel's subsequent email communications. (<u>See</u> <u>id.</u>)  As of the date of the Motion's filing, Plaintiff's counsel had not returned Defendants' counsel's calls or emails to meet and confer.[2]  (<u>See</u> MTD at 4.)

On August 15, 2024, Defendants filed the Motion.  (MTD.)  In support of the Motion, Defendants submitted a declaration of attorney Eugene P. Hanrahan ("Hanrahan Decl.," Dkt. No. 45) and attached exhibits ("Exhibits," Dkt. Nos. 45-1, 45-2).  On August 30, 2024, Defendants filed a notice of non-opposition from Plaintiff to the Motion, requesting that the Court grant Defendants' MTD in its entirety due to Plaintiff's failure to oppose the Motion. ("Def.'s Notice of Non-Opp.," Dkt. No. 47.)

On September 12, 2024, this Court filed an Order to Show Cause ("OSC," Dkt. No. 48), ordering Plaintiff to file an opposition or a notice of non-opposition by September 23, 2024.  Plaintiff timely filed a notice of non-opposition to the Motion on September 23, 2024.  ("Pl.'s Non-Opp.," Dkt. No. 49.)

//
//
//

---

[2] The Court reprimands Plaintiff's counsel for failing to meet and confer with Defendants' counsel prior to the filing of this Motion, in violation of Local Rule 7-3.  (<u>See</u> MTD at 3-4; Exhibits.)  The Court has reviewed the meet-and-confer correspondence filed by Defendants, as well as the declaration of Defendants' counsel outlining the steps he took to meet and confer with Plaintiff's counsel regarding the substance of the Motion.  (<u>See</u> <u>id.</u>)  The Court finds that Defendants have satisfied the requirements of Local Rule 7-3.  Moreover, Plaintiff has suffered no prejudice from any inadequacy in the meet-and-confer process, so even if Defendants had not complied with Local Rule 7-3, the Court would proceed to the merits of the Motion.  <u>See De Walshe v. Togo's Eateries, Inc.</u>, 567 F. Supp. 2d 1198, 1205 (C.D. Cal. 2008) ("[T]he Court finds that any potential violation of Local Rule 7-3 did not prejudice Plaintiff and the Court exercises its discretion to evaluate Defendant's motion on its merits.").  If the Court declined to rule on the merits of the Motion, Defendants, not Plaintiff, would suffer prejudice.

## II.  FACTUAL ALLEGATIONS

Plaintiff alleges the following facts, which are assumed to be true for the purposes of this Motion.  See Am. Fam. Ass'n, Inc. v. City & County of San Francisco, 277 F.3d 1114, 1120 (9th Cir. 2002).

Decedent was a 39-year-old father and son who was in care, custody, and control of the Riverside County Sheriff's Department ("Sheriff's Department") at the Cois M. Byrd Detention Center ("CBDC") located in Murrieta, California.  (Complaint ¶ 23.)  On or about September 29, 2022, Decedent was brutally and viciously attacked and killed by a fellow inmate.  (Id. ¶ 24.)  Decedent was found unresponsive by the Sheriff's Department's Deputies.  (Id.)  Upon information and belief, the medical staff at CBDC assessed Decedent and performed life-saving measures moments after the attack and while waiting for the paramedics to arrive, but to no avail.  (Id. ¶ 25.)  Decedent sustained massive injuries to his body and died after the fatal physical altercation inside CBDC.  (Id. ¶¶ 26, 27.)

The Sheriff's Department and CBDC's officers knew or should have known that the inmates' lives were in danger due to insufficient security and supervision.  (Id. ¶ 28.)  Defendants also knew or should have known that individuals who are incarcerated, including Decedent, are vulnerable to fatal and/or violent attacks by and through other inmates, and thus, were required to strengthen the security measures to prevent such attacks.  (Id. ¶ 36.)  Defendants were required to always supervise inmates to ensure their safety and to stop such a physical altercation from turning deadly in a timely manner.  (Id. ¶ 29.)  The Sheriff's Department failed to follow protocol and safety procedures to prevent the physical altercation and subsequent death of Decedent.  (Id. ¶ 30.)  Defendants also failed to follow policies and practices pertaining to housing, custody, care, emergency medical treatment, safekeeping, and protection of inmates at CBDC.  (Id. ¶ 33.)  Defendants further failed to utilize surveillance and other control measures to ensure the safety of inmates inside CBDC.  (Id. ¶ 37.)  Upon information and belief, in 2022, many inmates, including Decedent, lost their lives inside CBDC due to the jail employees' and other officials' negligent supervision and care.  (Id. ¶ 31.)

Upon information and belief, Defendants and CBDC's staff were reluctant to keep the alert buttons in working conditions inside CBDC for use in emergency situations.  (Id. ¶ 34.)  Decedent's conduct outside CBDC and his presence inside CBDC placed him at an increased risk of violence and harm.  (Id. ¶ 56.)  Defendants failed to prevent Decedent from the deadly altercation by housing him incorrectly with the inmate who attacked him.  (Id. ¶ 48.)  Specifically, Defendants knew or should have known that housing dangerous and violent inmates together required adequate and continuous supervision which Defendants knowingly and/or recklessly disregarded.  (Id. ¶ 62.)  Defendants failed to conduct a regular welfare and/or safety check on inmates as required to help Decedent seek medical treatment promptly after the attack.  (Id. ¶ 35.)  Decedent suffered an immense amount of discomfort hours before his death as a direct and proximate cause of Defendants' negligent acts and omissions.  (Id. ¶ 39.)

Plaintiff also alleges that at all times mentioned herein, each Defendant was an agent, employee, and/or co-conspirator of each other. (Id. ¶ 21.) As such, in engaging in acts and omissions alleged, the Defendants acted within the scope of such agency, employment, and/or conspiracy, and with the permission and consent of each other. (Id.) Additionally, Defendants acts and omissions were engaged in maliciously, callously, oppressively, wantonly, recklessly, and with deliberate indifference to the rights of Plaintiff. (Id. ¶ 22.)

As a result of Defendants acts and omissions, Plaintiff suffered the loss of her father and the right to receive continued support, love, and affection from Decedent. (Id. ¶ 38.) Plaintiff has suffered emotional distress, embarrassment, disfigurement, mental and physical pain, pain and suffering, and humiliation which she will continue to suffer in the future. (Id.) Plaintiff has also suffered from the loss of aid, affection, comfort, society, companionship, and other benefits and assistance from Decedent because of Defendants' deliberate indifference to Decedent's life, safety, and medical needs. (Id. ¶ 39.)

### III.   LEGAL STANDARD

**A.   Rule 12(b)(6)**

Under Rule 12(b)(6), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Ileto v. Glock Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint—as well as any reasonable inferences to be drawn from them—as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994). Courts are not required, however, "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.2d 1049, 1055 (9th Cir. 2008) (internal quotations and citation omitted). Courts also need not accept as true allegations that contradict facts which may be judicially noticed. See Mullis v. U.S. Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Id. at 570; Ashcroft v. Iqbal, 556 U.S. 662 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

### B. Rule 4(m)

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed," unless the court extends the time for service for good cause. Fed. R. Civ. P. 4(m). If the plaintiff fails to perfect service within that timeframe, then "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Id. Rule 4(m) is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint. United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984).

### C. Rule 15

Rule 15 provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." Eminence Cap., LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotations and citation omitted). A "district court should grant leave to amend even if no request to amend the pleading was made, *unless it determines that the pleading could not possibly be cured by allegation of other facts*." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (internal quotations and citation omitted) (emphasis added).

### IV. DISCUSSION

### A. Failure to Timely File Opposing Papers

Under this Court's Local Rules, the failure to file opposing papers in a timely manner "may be deemed consent to the granting" of a motion. L.R. 7-12; see also Ghazali v. Moran, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam) (affirming grant of an unopposed motion to dismiss under local rule by deeming pro se litigant's failure to oppose as consent to granting motion); United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) (affirming grant of an unopposed motion to dismiss an indictment under local rule deeming failure to oppose as consent to granting motion). Plaintiff failed to comply with Local Rule 7-9, which requires that each opposing party file—at least 21 days before the hearing of the motion—either an opposing brief or a written statement that that party will not oppose the motion. L.R. 7-9. Plaintiff's Notice of Non-Opposition to the Motion was filed on September 23, 2024. (See Pl.'s Non-Opp.) The Opposition or Non-Opposition was due on August 26, 2024. See L.R. 7-9. Plaintiff does not

even acknowledge the late filing of the Non-Opposition, let alone provide any justification for it. (See Pl.'s Non-Opp.) The Court deems Plaintiff's belated filing of non-opposing papers consent to the granting of the Motion. See L.R. 7-12.

Nonetheless, setting aside Plaintiff's Non-Opposition's late filing, the Court would grant the Motion in its entirety, for Defendants have accurately observed that (1) certain Defendants are improper for specified claims and (2) the third cause of action in the Complaint fails to state a claim upon which relief can be granted. Plaintiff also agrees that the Motion should be granted without leave to amend, "acknowledging that further amendment would likely be futile in addressing the identified legal deficiencies." (See Pl.'s Non-Opp. at 4.)

**B. Motion to Dismiss**

Defendants move to dismiss portions of Plaintiff's Complaint because (1) certain Defendants are improper for specified claims and (2) the Complaint's third cause of action fails to state a claim upon which relief can be granted. (See MTD.) The Court addresses each argument in turn.

**1. Improper Defendants**

Defendants argue that the: (1) CBDC is not a proper Defendant as to the Section 1983 claims against it;[3] (2) Sheriff's Department is not a proper Defendant as to Plaintiff's first, second, third, fifth, and sixth causes of action; (3) Sheriff Chad Bianco ("Bianco") is not a proper Defendant as to Plaintiffs' first, second, and third causes of action; and (4) County of Riverside ("Riverside") is not a proper Defendant.

**a. CBDC**

Defendants assert that Plaintiff's Section 1983 claims against CBDC should be dismissed because it is not a "person" and therefore not a proper party. (See MTD at 2, 8-9.)

Section 1983 creates a cause of action against any person who, while acting under color of state law, causes another to be deprived of a federally protected constitutional right. 42 U.S.C. §

---

[3] Although the Motion requests that the Court dismiss CBDC "from Plaintiff's Complaint," Defendants go on to argue that Plaintiff fails to state Section 1983 claims against CBDC. (See MTD at 8-9.) As such, the Court construes this portion of the Motion as seeking to only dismiss Section 1983 claims against CBDC. The Court reminds Defendants that Plaintiff's fifth and six causes of action are against all Defendants, including CBDC, and are premised on violations of California's tort law. (Complaint ¶¶ 81-93.) To dismiss CBDC from Plaintiff's Complaint, Defendants should have addressed Plaintiff's state law claims against CBDC, citing relevant authority supporting dismissal. Although the Court is inclined to hold that CBDC is an improper Defendant for causes of action premised on California's tort law, it declines to do so in this order.

1983; see also Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 658 (1978) (". . . 42 U.S.C. § 1983, [] provides that every 'person' who, under color of any statute, ordinance, regulation, custom, or usage of any State subjects, or 'causes to be subjected,' any person to the deprivation of any federally protected rights, privileges, or immunities shall be civilly liable to the injured party"). "As a result, courts routinely hold that jails and prisons are not persons who can be sued under [Section] 1983." Aragon v. Henderson Det. Ctr., 2023 WL 6216951, at *2 (D. Nev. Sept. 22, 2023); see also Smith v. Charleston Cty., 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as [a] Detention Center, do not act under color of state law and are not a 'person' subject to suit under [Section] 1983."); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under [Section] 1983 are directed at 'persons' and the [. . . County Jail] is not a person amenable to suit."); Allison v. California Adult Authority, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under Section 1983).

Plaintiff also agrees that the argument CBDC "is not a 'person' under 42 U.S.C. § 1983 is well-founded under the reasoning of Monell v. Department of Social Services and subsequent case law." (See Pl.'s Non-Opp. at 3.)

Accordingly, the Court **DISMISSES WITHOUT LEAVE TO AMEND** the Section 1983 claims against CBDC in the first, second, and third causes of action.

### b. Sheriff's Department

#### i. Section 1983

Defendants argue that the Sheriff's Department should be dismissed from Plaintiff's first, second, and third causes of action brought under Section 1983 because it (1) cannot be held liable under a respondeat superior theory and (2) as a municipality, it may only be held liable under Section 1983 for constitutional violations that result from enforcement of its official policies and customs. (See MTD at 9.)

"City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under [S]ection 1983 for the acts of an employee." Berry v. Escobar, 576 F. Supp. 3d 689, 692 (N.D. Cal. 2021) (citing Monell, 436 U.S. at 659 ("Congress did not intend a local government to be held liable solely because it employs a tort-feasor—in other words, a local government cannot be held liable under [Section] 1983 on a respondeat superior theory.")). "Municipalities, including counties and their sheriff's departments, can only be liable under [Section] 1983 if an unconstitutional action 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" Rivera v. County of Los Angeles, 745 F.3d 384, 389 (9th Cir. 2014); Monell, 436 U.S. at 708 (Municipal liability under Section 1983 can occur "when implementation of [a municipality's] official policies or established customs inflicts [a] constitutional injury").

Under Monell, municipalities are liable under Section 1983 when a plaintiff was injured pursuant to an express municipal policy, such as an ordinance, regulation, or policy statement, or a "widespread practice that, although not authorized by written law or express municipal policy, is 'so permanent and well settled as to constitute a custom or usage' with the force of law." See City of St. Louis v. Praprotnik, 485 U.S. 112, 123, 127 (1988) (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167–68 (1970)); see also Pembaur v. City of Cincinnati, 475 U.S. 469, 481–83 (1986). An "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under [Section] 1983." Polk County v. Dodson, 454 U.S. 312, 326 (1981) (citation omitted).

In her Complaint, Plaintiff does not reference an express municipal policy, such as an ordinance, regulation, or policy statement, that gave rise to the alleged constitutional violations. (See Complaint.) As such, the Court analyzes municipal liability under Section 1983 as to the Sheriff's Department pursuant to a de facto policy, practice, and custom.

When plaintiffs seek municipal liability based on an unofficially adopted practice or custom, the practice or custom "must be so 'persistent and widespread' that it constitutes a 'permanent and well settled city policy.'" Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (quoting Monell, 463 U.S. at 691). "Liability for improper custom may not be predicated on isolated or sporadic incidents." Id. Instead, "it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." Id. "While there is no per se rule for the amount of unconstitutional incidents required to establish custom under Monell, 'one or two incidents ordinarily cannot establish a . . . custom, while more incidents may permit the inference of a [custom], taking into account their similarity, their timing, and subsequent actions by the municipality.'" Wettstein v. County of Riverside, 2020 WL 2199005, at *5 (C.D. Cal. Jan. 22, 2020) (citation omitted). A plaintiff "must identify a specific policy or custom and then articulate . . . the basis for concluding [how] the identified policy or custom represents 'official policy'." M.S. v. City of Fontana, 2017 WL 10545379, at *6 (C.D. Cal. April 13, 2017) (citing Monell, 463 U.S. at 691).

Although Plaintiff alleges that the Sheriff's Department knew or should have known that inmates' lives were in danger due to insufficient security and supervision, she does not allege sufficient facts for the Court to find that this lack of security and supervision was so "persistent and widespread that it constitutes a permanent and well settled [] policy." (See Complaint); Trevino v. Gates, 99 F.3d at 918 (internal quotations omitted); Monell, 463 U.S. at 691. Plaintiff only alleges that the existence of a long-standing policy is supported by the fact that in 2022, many inmates, including Decedent, lost their lives inside CBDC due to negligent supervision and care. (See Complaint ¶ 31.) That is insufficient. See A.S.M.V v. County of Los Angeles, 2020 WL 5775834, at *4 (C.D. Cal. May 15, 2020) (holding that plaintiffs' reference to "scores of inmates in the County's custody [] d[ying] between 2015 and 2017 [] [w]ithout any additional information about the nature of these deaths or any other specific factual allegations" "amount to mere labels and conclusions, which are insufficient to plead a claim for relief") (internal quotations and citations omitted).

Plaintiff also concedes that "claims against the Riverside County Sheriff's Department . . . under [Section] 1983 based on respondeat superior theories are not actionable in light of Monell." (See Pl.'s Non-Opp. at 3.)

The Court finds that Plaintiff's Section 1983 causes of action premised on municipal liability fails to state claims upon which relief can be granted as to the Sheriff's Department. Accordingly, the Court **DISMISSES WITHOUT LEAVE TO AMEND** the Section 1983 claims against the Sheriff's Department in the first, second, third, and fourth[4] causes of action.

### ii.    California's Tort Law

Defendants argue that Plaintiff's Complaint lacks reference to a statutory basis on which to impose liability on the Sheriff's Department for Plaintiff's fifth cause of action for negligence and sixth cause of action for intentional infliction of emotional distress under California's tort law. (See Motion at 13.)

The Government Claims Act defines a public entity as including "a county, city, district, public authority, public agency, and any other political subdivision or public corporation in the State." Cal. Gov. Code § 811.2. "In California, all governmental tort liability must be based upon statute, and, in the absence of some constitutional requirement, public entities may be liable only if a statute declares them to be liable." Harshberger v. City of Colton, 197 Cal. App. 3d 1335, 1339 (1988). "If the Legislature has not created a statutory basis for it, there is no government tort liability." State ex rel. Dept. of California Highway Patrol v. Superior Court, 60 Cal. 4th 1002, 1009 (2015) (citations omitted). Moreover, "a public entity is not liable for an injury to any prisoner." Terzian v. County of Ventura, 24 Cal. App. 4th 78, 83 (1994) (citing California Government Code § 844.6 which states, ". . . a public entity is not liable for: (1) An injury proximately caused by any prisoner [and] (2) An injury to any prisoner . . .").

The Court agrees with Defendants that "Plaintiff's Complaint lacks reference to a statutory basis on which to impose liability on [the] Sheriff's Department" for Plaintiff's fifth and sixth causes of action. (See Motion at 13.) Conversely, California Government Code Section 844.6 expressly prohibits liability against a public entity like the Sheriff's Department for a prisoner's injuries and subsequent death. See Terzian, 24 Cal. App. 4th at 81; Cal. Gov. Code § 844.6.

---

[4] Defendants did not request that the Court dismiss Plaintiff's Section 1983 claim against the Sheriff's Department in the fourth cause of action. However, a trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6). See Wong v. Bell, 642 F.2d 359, 361–62 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). Such a dismissal may be made without notice where the claimant cannot possibly win relief. See id. As discussed above, the Complaint does not allege sufficient facts for 1983 claims against the Sheriff's Department. As such, the Court **DISMISSES WITHOUT LEAVE TO AMEND** the fourth cause of action as to the Sheriff's Department.

Accordingly, the Court **DISMISSES WITHOUT LEAVE TO AMEND** claims five and six as to the Sheriff's Department. As such, because there are no remaining claims against the Sheriff's Department, it is **DISMISSED WITHOUT LEAVE TO AMNED** from this action.

### c. Bianco

Defendants argue Bianco should be dismissed from Plaintiff's first, second, and third causes of action premised on Section 1983 because Bianco cannot be held liable under a respondeat superior theory and did not personally participate in the alleged constitutional violations. (See Motion at 10-11.)

Section 1983 does not allow for the concept of respondeat superior liability but requires personal participation in the alleged violation of constitutional rights. See Bell v. Clackamas County, 341 F.3d 858, 867 n.3 (9th Cir. 2003) ("[I]ndividual liability [under Section 1983] cannot be premised on respondeat superior.") (citing and quoting Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of ***personal participation*** in the alleged rights deprivation: there is no respondeat superior liability under section 1983.") (emphasis added). Additionally, "[a] person deprives another of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Id.

Here, the Court agrees with Defendants that Bianco cannot be held liable under Section 1983 because he did not personally participate in any of Plaintiff's allegations and the Complaint does not allege any facts to support the argument that Bianco caused the alleged constitutional deprivations. (See Complaint; MTD at 11.) Plaintiff also concedes that her "claims against . . . Sheriff Chad Bianco under [Section] 1983 based on respondeat superior theories are not actionable in light of Monell." (See Pl.'s Non-Opp. at 3.)

Accordingly, the Court **DISMISSES WITHOUT LEAVE TO AMEND** the Section 1983 claims against Bianco in the first, second, and third causes of action.

### d. Riverside

Plaintiff's fourth cause of action for failure to properly train and supervise and Monell liability for unconstitutional policy, practice, and custom brought under Section 1983 names Riverside as a defendant. (See Complaint ¶¶ 70-80.) However, Defendants argue that Riverside is not a named defendant in this action and has not been served. (See Motion at 12.) As such, Defendants assert that Riverside should be dismissed. (See id.)

The Court may dismiss a defendant who has not been properly served within the specified time period.  See Fed. R. Civ. P. 4(m); Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.").  Here, Plaintiff filed her Complaint on October 10, 2023. (Complaint.)  The 90-day period to complete service expired nearly ten months ago, on January 8, 2024.  To date, Plaintiff has not served Riverside.

Accordingly, the Court **DISMISSES** Riverside **WITHOUT LEAVE TO AMEND** from this action.

### 2. Failure to State a Claim: Third Cause of Action

Plaintiff's third cause of action alleges a deprivation of Decedent's right to safety and life against all Defendants in violation of Section 1983 and Article 1, Sections 1 and 7 of the California Constitution.  (Complaint ¶¶ 65-69.)  Defendants argue that Plaintiff's third cause of action fails to state a claim upon which relief can be granted because (1) Plaintiff's Complaint does not allege any constitutional violation under Section 1983, and as such, it is unclear from Plaintiff's Complaint the basis of Defendants' liability for this cause of action and (2) the California constitutional provisions do not give rise to claims for monetary damages.  (See MTD at 3, 9-10.)

#### a. Section 1983

In Plaintiff's third cause of action, she does not allege any facts to support her Section 1983 claim and instead discusses violations of rights under the California Constitution.  (See Complaint ¶¶ 65-69; MTD at 11 ("As an initial matter, Plaintiff's Complaint does not allege any constitutional violation under 42 U.S.C. § 1983, accordingly it is unclear from Plaintiff's Complaint the basis of Defendants' liability for this cause of action.").)

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (citations omitted).  Here, Plaintiff's Section 1983 claim is asserted, without any factual support, only in the title of the third cause of action.  (See Complaint ¶¶ 65-69.)

#### b. California Constitution

Article 1, Section 1 of the California Constitution provides: "All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy."  Cal. Const. Art. 1, § 1.  Further, Article 1, Section 7 of the California Constitution provides: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."  Cal. Const. Art. 1, § 7.

Defendants argue that Plaintiff's claims for violation of the California Constitution, Article 1, Sections 1 and 7 should be dismissed because these constitutional provisions do not give rise to claims for monetary damages. See Novel v. Los Angeles County Sheriff's Dep't, 2019 WL 7940676, at *6 (C.D. Cal. July 23, 2019) (holding "a plaintiff may not recover monetary damages for the violation" of California Constitution, Article 1, § 1); Roy v. County of Los Angeles, 114 F. Supp. 3d 1030, 1042 (C.D. Cal. 2015) (holding California Constitution, Article 1, §§ 7 and 13 "do not permit actions for monetary damages").

Plaintiff also agrees that "Defendants' argument that California Constitutional claims do not permit monetary damages appears consistent with prevailing law, as cited in Roy v. County of Los Angeles and other cases." (See Pl.'s Non-Opp. at 4.)

Accordingly, Plaintiff's third cause of action is **DISMISSED WITHOUT LEAVE TO AMEND** for failure to state a plausible claim.

## V.   CONCLUSION

For the above reasons, the Court **ORDERS** as follows:

1. Defendants' Motion is **GRANTED**.

2. Claims one, two, and three are **DISMISSED WITHOUT LEAVE TO AMEND** as against Defendant CBDC and Defendant Bianco.

3. Defendant Riverside and Defendant Sheriff's Department are **DISMISSED WITHOUT LEAVE TO AMEND** from this action.

4. Claim three is **DISMISSED WITHOUT LEAVE TO AMEND**.

5. Plaintiff may file an amended complaint, if any, no later than **November 8, 2024**.

6. The Court **VACATES** the October 28, 2024 hearing.

**IT IS SO ORDERED.**