Eugene P. Ramirez (State Bar No. 134865)
  *eugene.ramirez@manningllp.com*
Eugene P. Hanrahan (State Bar No. 185826)
  *eugene.hanrahan@manningllp.com*
Kayleigh A. Andersen (State Bar No. 306442)
  *kayleigh.andersen@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor,
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants SHERIFF CHAD BIANCO; Sergeant TODD JOHNSON; Correctional Deputy ABDUL FAR; MORGAN MCCANDLESS; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY; Deputy KEVIN JONES; Correctional Deputy PHILLIP DIEFENDERFER; Correctional Deputy THOMAS KOLB; Correctional Deputy MIGUE TRIANA; and Corporal KAI GALLARDO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEZARAE MUNOZ, individually and as successor-in-interest to Estate of ULYSSES MUNOZ AYALA,<br><br>Plaintiffs,<br><br>v.<br><br>SHERIFF CHAD BIANCO, an Individual; Sergeant TODD JOHNSON, an individual, Correctional Deputy ABDUL FAR, an individual, MORGAN MCCANDLESS, an Individual, Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY, an Individual, Correctional Deputy KEVIN JONES, an Individual; Correctional Deputy PHILLIP DIEFENDERFER, an Individual, Correctional Deputy THOMAS KOLB, an Individual, Correctional Deputy MIGUE TRIANA, an Individual, Corporal KAI GALLARDO, an individual: RIVERSIDE COUNTY | Case No. 5:23-cv-02063-JGB-DTB<br><br>**ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>*Action Filed:*   October 10, 2023<br>*FAC Filed:*   November 8, 2024 |

SHERIFF'S DEPARTMENT; and DOES 1-25, Inclusive.

Defendants.

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendants SHERIFF CHAD BIANCO; Sergeant TODD JOHNSON; Correctional Deputy ABDUL FAR; MORGAN MCCANDLESS; Correctional Corporal BENJAMIN SEAGRAVES-GLADNEY; Deputy KEVIN JONES; Correctional Deputy PHILLIP DIEFENDERFER; Correctional Deputy THOMAS KOLB; Correctional Deputy MIGUE TRIANA; and Corporal KAI GALLARDO ("Defendants") answer the First Amended Complaint ("Complaint") of Plaintiff DEZARAE MUNOZ, individually and as successor-in-interest to Estate of ULYSSES MUNOZ AYALA ("Plaintiff"), filed on or about November 8, 2024. If an averment is not specifically admitted, it is hereby denied.

## ANSWER TO COMPLAINT

1. Answering Paragraph 1, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

2. Answering Paragraph 2, Defendants admit that this Court has original jurisdiction of plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and §1343(a)(3)-(4), and that this Court has supplemental jurisdiction of plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

3. Answering Paragraph 3, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

///

4. Answering Paragraph 4, Defendants admit that venue is proper before this Court. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

5. Answering Paragraph 5, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 5 further contains legal conclusions and argument as to which no response is required.

6. Answering Paragraph 6, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations. Paragraph 6 further contains legal conclusions and argument as to which no response is required.

7. Answering Paragraph 7, Defendants admit that SHERIFF CHAD BIANCO was at all relevant times, the Sheriff of the Riverside County Sheriff's Department and an employee of the County of Riverside. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

8. Answering Paragraph 8, Defendants admit that TODD JOHNSON was at all relevant times, an employee of the County of Riverside. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

9. Answering Paragraph 9, Defendants admit that ABUL FAR was at all relevant times, an employee of the County of Riverside. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

10. Answering Paragraph 10, Defendants admit that MORGAN MCCANDLESS was at all relevant times, an employee of the County of Riverside. Except as expressly admitted herein, Defendants deny each and every allegation contained therein.

11. Answering Paragraph 11, Defendants admit that BENJAMIN SEAGRAVES-GLADNEY was at all relevant times, an employee of the County of

1  Riverside.  Except as expressly admitted herein, Defendants deny each and every
2  allegation contained therein.

3      12.    Answering Paragraph 12, Defendants admit that KEVIN JONES was at
4  all relevant times, an employee of the County of Riverside.  Except as expressly
5  admitted herein, Defendants deny each and every allegation contained therein.

6      13.    Answering Paragraph 13, Defendants admit that PHILLIP
7  DIEFENDERFER was at all relevant times, an employee of the County of Riverside.
8  Except as expressly admitted herein, Defendants deny each and every allegation
9  contained therein.

10      14.    Answering Paragraph 14, Defendants admit that THOMAS KOLB was
11  at all relevant times, an employee of the County of Riverside.  Except as expressly
12  admitted herein, Defendants deny each and every allegation contained therein.

13      15.    Answering Paragraph 10, Defendants admit that MIGUEL TRIANA was
14  at all relevant times, an employee of the County of Riverside.  Except as expressly
15  admitted herein, Defendants deny each and every allegation contained therein.

16      16.    Answering Paragraph 16, Defendants admit that KAI GALLARDO was
17  at all relevant times, an employee of the County of Riverside.  Except as expressly
18  admitted herein, Defendants deny each and every allegation contained therein.

19      17.    Answering Paragraph 17, Defendants lack sufficient knowledge or
20  information to form a belief concerning the truth of the factual allegations contained
21  therein and on that basis deny such allegations.

22      18.    Answering Paragraph 18, Defendants lack sufficient knowledge or
23  information to form a belief concerning the truth of the factual allegations contained
24  therein and on that basis deny such allegations.

25      19.    Answering Paragraph 19, Defendants lack sufficient knowledge or
26  information to form a belief concerning the truth of the factual allegations contained
27  therein and on that basis deny such allegations.
28  ///

20. Answering Paragraph 20, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

21. Answering Paragraph 21, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

22. Answering Paragraph 22, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

23. Answering Paragraph 23, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

24. Answering Paragraph 24, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

25. Answering Paragraph 25, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

26. Answering Paragraph 26, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

27. Answering Paragraph 27, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

28. Answering Paragraph 28, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

29. Answering Paragraph 29, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

30. Answering Paragraph 30, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

31. Answering Paragraph 31, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

32. Answering Paragraph 32, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

33. Answering Paragraph 33, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

34. Answering Paragraph 34, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

35. Answering Paragraph 35, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

36. Answering Paragraph 36, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

37. Answering Paragraph 37, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

38. Answering Paragraph 38, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

39. Answering Paragraph 39, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

40. Answering Paragraph 40, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

41. Answering Paragraph 41, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

42. Answering Paragraph 42, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

43. Answering Paragraph 43, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

44. Answering Paragraph 44, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

45. Answering Paragraph 45, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

46. Answering Paragraph 46, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

47. Answering Paragraph 47, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

48. Answering Paragraph 48, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

49. Answering Paragraph 49, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

50. Answering Paragraph 50, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

51. Answering Paragraph 51, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

52. Answering Paragraph 52, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

53. Answering Paragraph 53, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

54. Answering Paragraph 54, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

55. Answering Paragraph 55, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

1  56. Answering Paragraph 56, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

57. Answering Paragraph 57, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

58. Answering Paragraph 58, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

59. Answering Paragraph 59, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

60. Answering Paragraph 60, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

61. Answering Paragraph 61, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

62. Answering Paragraph 62, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

63. Answering Paragraph 63, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

64. Answering Paragraph 64, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

65. Answering Paragraph 65, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

66. Answering Paragraph 66, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

67. Answering Paragraph 67, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

68. Answering Paragraph 68, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

69. Answering Paragraph 69, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

70. Answering Paragraph 70, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

71. Answering Paragraph 71, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

72. Answering Paragraph 72, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

73. Answering Paragraph 73, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

///

1      74.    Answering Paragraph 74, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

    75.    Answering Paragraph 75, the Third Claim for Relief has been dismissed with prejudice pursuant to stipulation of the parties, and therefore no response is required.

    76.    Answering Paragraph 76, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    77.    Answering Paragraph 77, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    78.    Answering Paragraph 78, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    79.    Answering Paragraph 79, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    80.    Answering Paragraph 80, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    81.    Answering Paragraph 81, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

    82.    Answering Paragraph 82, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

83. Answering Paragraph 83, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

84. Answering Paragraph 84, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

85. Answering Paragraph 85, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

86. Answering Paragraph 86, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

87. Answering Paragraph 87, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

88. Answering Paragraph 88, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

89. Answering Paragraph 89, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

90. Answering Paragraph 90, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

91. Answering Paragraph 91, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

///

92. Answering the Prayer for Relief, including subsections (a) through (g), Defendants denies that Plaintiffs are entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Defendants plead the following separate defenses. Defendants reserve the right to assert additional affirmative defenses that discovery indicates are proper.

### FIRST AFFIRMATIVE DEFENSE
### (Tort Claims Act Violation)

1. This action is barred by the plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

### SECOND AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Unclean Hands)

2. Defendants allege that plaintiff's actions are barred by reason of conduct, actions and inactions of plaintiff and/or plaintiff's decedent which amount to and constitute a waiver of any right plaintiffs may or might have had in reference to the matters and things alleged in the COMPLAINT, or that otherwise estop Plaintiff from recovery in this action, including but not limited to the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

3. Plaintiff's claims are barred or limited to the extent Plaintiff failed to mitigate Plaintiff's injuries or damages, if there were any. Plaintiff has failed to mitigate the damages, if any, which Plaintiff has sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, Plaintiff has failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries, and failed to take reasonable precautions to reduce any injuries and damages.

///

## FOURTH AFFIRMATIVE DEFENSE

## (Contributory and/or Comparative Liability)

4. Plaintiff's claims are barred or limited by plaintiff's and/or plaintiff's decedent's contributory/comparative negligence or other conduct, acts, or omissions, and to the extent the Plaintiffs suffered any injury or damages, it was the result of Plaintiff's and/or plaintiff's decedent's own negligent or deliberate actions or omissions.

5. Plaintiff's recovery is barred because any injury or damage suffered by Plaintiffs was caused solely by reason of the plaintiff's and/or plaintiff's decedent's wrongful acts and conduct and the willful resistance to a peace officer in the discharge their duties. The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering Defendant on account of such conduct.

## FIFTH AFFIRMATIVE DEFENSE

## (Public Entity/Employee Immunity for Discretionary Acts)

6. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

7. Plaintiff's recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

8. Plaintiff's recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et. seq.*, 820 *et. seq*.

9. Defendant(s) are immune for any detriment resulting from any of their specific actions or omissions at issue during the time of the incident of which Plaintiffs complain pursuant to Government Code § 810 *et seq.*, 815 *et seq.*, 820 *et seq.*, and 845 *et seq.*, including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8,

811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq.*, including, but not limited to, §§ 845.6, 845.8, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

## SIXTH AFFIRMATIVE DEFENSE
### (Qualified Immunity & Good Faith Immunity)

10. The individual defendants are immune from liability under the Federal Civil Rights Act because a reasonable officer could believe that his acts and conduct were appropriate. The individual defendants are immune from liability under the Federal Civil Rights Act because their individual conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

11. At all relevant times regarding the specific acts at issue, the involved officers acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.

## SEVENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

12. At the time and place referred to in the COMPLAINT, and before such event, Plaintiff and/or Plaintiff's decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which Plaintiff and/or Plaintiff's decedent then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury and/or lawful deprivation of right(s).

## EIGHTH AFFIRMATIVE DEFENSE

13. To the extent that the COMPLAINT attempts to predicate liability upon the public entity defendant or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code §§ 815.2 and 820.2 and *Herndon v. County of*

*Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to Plaintiffs; and by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal case of any injury alleged in the COMPLAINT. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

### NINTH AFFIRMATIVE DEFENSE

14.  The defendant(s) may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Govt. Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

### TENTH AFFIRMATIVE DEFENSE
### (Government Code § 845.6)

16.  Neither a public entity nor a public employee is liable for injury proximately caused by the failure of the employee to furnish or obtain medical care for a prisoner in his custody.

17.  A public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Punitive and Exemplary Damages Barred – Procedural Due Process)

18.  Defendants contend that Plaintiff's COMPLAINT to the extent that it seeks exemplary or punitive damages, violates Defendants' right to procedural due

process under the Fourteenth Amendment of the United States Constitution, and the Constitution of the State of California, and the purported claim for punitive or exemplary damages is therefore barred.

## TWELFTH AFFIRMATIVE DEFENSE

**(Punitive and Exemplary Damages Barred – Substantive Due Process)**

19. Defendants allege that Plaintiff's COMPLAINT, to the extent that it seeks exemplary or punitive damages, violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution, and the Constitution of the State of California, and the purported claim for punitive or exemplary damages is therefore barred.

## THIRTEENTH AFFIRMATIVE DEFENSE

**(Punitive and Exemplary Damages Barred – Article VI)**

20. Defendants allege that Plaintiff's COMPLAINT, to the extent that it seeks exemplary or punitive damages, is barred by Article VI of the United States Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

21. The defendant(s) may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Govt. Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris* (1989) 489 U.S. 378, 388-389; *City of Los Angeles v. Heller* (1986) 475 U.S. 796.

WHEREFORE, Defendants pray for relief as follows:

1. That the COMPLAINT be dismissed with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of this COMPLAINT and that judgment be entered against Plaintiff and in favor of Defendants;

3. That Defendants be awarded its costs incurred in defending this action;

4. That Defendants be granted such other and further relief as the Court may deem just and proper.

DATED: November 21, 2024    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ *Kayleigh A. Andersen*
Eugene P. Ramirez
Eugene P. Hanrahan
Kayleigh A. Andersen
Attorneys for Defendants SHERIFF CHAD BIANCO, et al.

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial of this matter by jury.

DATED: November 21, 2024    **MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ *Kayleigh A. Andersen*
Eugene P. Ramirez
Eugene P. Hanrahan
Kayleigh A. Andersen
Attorneys for Defendants SHERIFF CHAD BIANCO, et al.